[No. 5154.   Decided May 1, 1905.]

E. E. Allen, *Respondent*, v. C. J. L. Peterson *et al.*, *Defendants*, E. G. Sanders *et al.*, *Appellants.*[1]

Taxation—Foreclosure of Lien—Action When to be Brought —Redemption—Statutes—Amendment—No Vested Right in Remedy. Laws 1899, p. 296, providing that an action to foreclose a delinquency tax certificate could be brought at any time after three years from the date of delinquency, amended the former laws fixing three years from the first day of December following the date of delinquency, and affects actions upon certificates issued prior to its enactment, where a reasonable time elapsed after the passage of the act for redeeming from the tax; since there is no vested right in the remedy of the former act, and the legislature had power to shorten the period of redemption.

Same—Judgment—Against Deceased Person—Validity as to Other Defendants. A judgment foreclosing a delinquency tax certificate is not void as to defendants properly before the court, because one of the defendants was dead at the time the action was commenced, where their interests were separate, and independent judgments might be taken against them.

Same—Process—Service by Publication—Sheriff's Return— Date. A judgment foreclosing a delinquency tax certificate upon a summons by publication is not affected by reason of the fact that the sheriff's return that the defendant cannot be found was dated prior to the commencement of the action, since that was evidently a clerical error, and was not essential, an affidavit of nonresidence being all that is necessary.

Same—Service by Publication — Defendants Residents of State—Due Process. A tax foreclosure proceeding on service by publication on the ground that defendants were nonresidents, is not void by reason of the fact that the defendants are residents and received no notice of the suit, since the proceeding is *in rem* against the property, and the statute authorizes a service by publication upon complying with its terms.

Appeal from an order of the superior court for San Juan county, Joiner, J., entered January 8, 1904, denying defendants' motion to vacate a tax foreclosure judgment

[1]Reported in 80 Pac. 849.

entered January 8, 1902, after a hearing upon affidavits.
Affirmed.

*Hastings & Stedman,* for appellants.

*Frye, Healy & Stentz,* for respondent.

Fullerton, J.—On September 14, 1901, the county
treasurer of San Juan county, issued to the respondent,
E. E. Allen, a certificate of delinquency for the taxes for
the year 1897, levied and assessed against four certain
tracts of land, each containing forty acres, in section 13,
T. 37, N., R. 3, W., W. M. The certificate recited that
the property had been assessed to C. J. L. Peterson for
the year named. On the same day the respondent paid all
the taxes subsequently assessed against the property which
were then due and payable. On September 18, 1901, he
began an action to foreclose his certificate of delinquency,
naming, as parties defendant, C. J. L. Peterson, E. G.
Sanders, and all persons unknown having or claiming an
interest in the property described in the certificate of de-
linquency. A summons was issued bearing the same date,
and placed in the hands of the sheriff for service, who
made return thereon to the effect that the defendants could
not, nor could either of them, be found in San Juan coun-
ty. This return, however, bore date of September 17,
1901. Accompanying the summons and return, and filed
therewith, was the affidavit of the plaintiff's attorney to
the effect that the defendants were nonresidents of the state
of Washington, and could not be found in said state, and
that the affiant did not know the place of residence or
postoffice address of either of the defendants. The affida-
vit further recited that the notice and summons was placed
in the hands of the sheriff of San Juan county for service
on September 18, 1901, and that said sheriff had made

his official return thereon on the same day to the effect that the defendants could not be found in his county. On the filing of this affidavit and return, the court made an order directing that the service be made by publication. Thereupon the summons was published for six consecutive weeks in a newspaper of general circulation published in San Juan county. No appearance was made on or before the expiration of the service, by either of the defendants named, nor by any one, and judgment foreclosing the certificate was duly entered on January 8, 1902. An order of sale was thereupon issued and, after due notice given, the property was sold to the respondent, Allen, on February 1, 1902. Return thereof was afterwards made, and the sale was confirmed by the court on June 3, 1902.

In December, 1902, the appellants E. G. Sanders and Sarah E. Sanders, his wife, appeared specially and moved the court to vacate, set aside and annul the judgment on the grounds, (1) that the summons or notice of the application for judgment is not in proper form, and does not comply with the statute; (2) that the return of the sheriff to the effect that the defendants could not be found was prematurely made; (3) that the affidavit made and filed in the cause as a basis for publication of summons does not comply with the statute; (4) that the defendant C. J. L. Peterson was dead at the time the action was commenced; (5) that E. G. Sanders is a married man, that the property involved is the community property of himself and wife, and that his wife was not made a party defendant in the action; (6) that for more than twenty years they have been residents of the state of Washington, and have resided more than ten years in King county, and that E. G. Sanders is a business man and well known in King county, and could readily and easily have been found therein;

and (7) that the proceedings had in the cause were insufficient to give the court jurisdiction of the property or the persons of the defendants. This motion was supported in part by the affidavit of E. G. Sanders, filed therewith. On the hearing subsequently had the trial court entered an order overruling the motion, whereupon this appeal was taken.

Such of these objections as the appellants have argued we will consider in the order in which they have presented them. It is first contended that the judgment is void because the action was prematurely commenced. The law in force at the time the assessment was made, on which the certificate of delinquency was issued, provided that the holder of a certificate might bring an action to foreclose the same three years after the first day of December next following the date of such delinquency. It is said that this statute is in effect a prohibition against a foreclosure proceeding prior to the time named, and that, as this action was brought in September, 1901, it was premature, because the taxes for which the certificate of delinquency was issued did not become delinquent until June 1, 1898, and this action was brought before the expiration of three years from the first day of the December following. The appellants do not overlook the statute of 1899, which allows a foreclosure at any time after three years from the date of delinquency, instead of three years after the first day of December following the date of delinquency; but they argue, first, that this statute does not effect an amendment of the former statute, and second, that if it did it is void as to taxes levied and delinquent at the time of its enactment, because it interferes with a vested right.

Neither of these objections is well taken. The statute

of 1899, p. 296, in express terms, purports to amend the statute of 1897, and no reason is shown, and none is apparent to us, why it is not effective as an amendment. Nor did the appellants have any vested right in the remedy provided by the earlier statute. The legislature has power, from time to time, to change the mode of enforcing collection of delinquent taxes, and may make such mode operative as to taxes due and delinquent. While, perhaps, it may not arbitrarily cut off a right to redeem that a delinquent property holder then has, it may shorten such time, provided it leaves a reasonable time within which to exercise the privilege. The principle is akin to that of a statute which prescribes a limitation for bringing actions where none previously existed, or shortens those already existing; either is valid, if a reasonable time is given by the new law to commence an action before the bar takes effect. *Terry v. Anderson,* 95 U. S. 628, 24 L. Ed. 365; *Wheeler v. Jackson,* 137 U. S. 245, 11 Sup. Ct. 76, 34 L. Ed. 659; *Woodham v. Anderson,* 32 Wash. 500, 73 Pac. 536; *Biggins v. People,* 106 Ill. 270; *Hosmer v. People,* 96 Ill. 58. The amendment in question here did not arbitrarily cut off the right to redeem, but only shortened it. It was therefore applicable to existing delinquent taxes.

It is next insisted that the judgment is void because one of the defendants was dead at the time the action was begun. Unquestionably a judgment rendered against a dead person is void as to such person, and ordinarily has no binding force against those claiming under him as heirs or devisees. But a judgment rendered against two persons, one of whom is dead, is not necessarily void as to both. Where the interests of the parties are disconnected so that separate and independent judgments might be

taken against them, a judgment against both is not void as to the one against whom no disability exists. And in this case, if the appellants were properly before the court, the judgment is not void as to them, no matter how ineffective it may be against Peterson, or his heirs or devisees. They cannot, therefore, urge the invalidity of the judgment as to him, as a reason for relieving themselves from its effect.

Nor is the judgment void because the return of the sheriff, to the effect that the defendants could not be found in his county, bears a date prior to the commencement of the action. Aside from the fact that this is obviously an error on the part of the sheriff, it is not essential to the validity of a service by publication that there be a sheriff's return to the effect that the defendant cannot be found in the county in which the action is brought. An affidavit complying with the statute is sufficient authority upon which to base a publication of summons.

The remaining objections argued, namely, that the judgment is void because the appellants were at all times residents of this state and could not for that reason be served with summons by publication, and because the wife of Sanders was not made a party defendant, are also without merit. As we have repeatedly held, a tax foreclosure proceeding in this state is a proceeding against property, and is in no sense an action against the person of the owner of such property. Its purpose is to charge such property with its just proportion of the public revenues, and the state's dominion over the land exists for that purpose without regard to its ownership. When, therefore, the legislature provided that the lien for taxes might be foreclosed in the courts against the person to whom the land was assessed, whether that person was or was not the owner of the prop-

erty, it acted within its powers, and the person foreclosing acquires a legal title by proceeding as the statute directs. *Woodward v. Taylor,* 33 Wash. 1, 73 Pac. 785, 75 Pac. 640; *Washington Timber etc. Co. v. Smith,* 34 Wash. 625, 76 Pac. 267; *Williams v. Pittock,* 35 Wash. 271, 77 Pac. 385; *Morrison v. Shipman,* 37 Wash. 171, 79 Pac. 632; *Spokane Falls etc. R. Co. v. Abitz, ante* p. 8, 80 Pac. 192.

We conclude, therefore, that the judgment rendered was not void for want of jurisdiction.

The judgment is affirmed.

MOUNT, C. J., DUNBAR, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.