[No. 7719.    Decided April 8, 1909.]

Hiram H. Rust et al., Respondents, v. Hiram B. Kennedy et al., Appellants.[1]

Taxation—Foreclosure—Process—Personal Service of Summons—When Necessary—Vacation of Void Judgment. A tax fore-closure judgment, secured by a private individual by publication of summons without personal service of the summons on the owner to whom the land was assessed, and who lived on the premises, is void, and is properly vacated in an action to set it aside.

Appeal from a judgment of the superior court for King county, Morris, J., entered February 10, 1908, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to vacate a tax judgment. Affirmed.

A. C. McDonald, for appellants.

Walter S. Fulton, for respondents.

Mount, J.—The plaintiffs brought this action in the court below to set aside a tax judgment and deed issued thereunder, upon the ground that the plaintiffs were not served personally with summons in the tax foreclosure proceedings upon which the deed was based. A judgment was entered in favor of the plaintiffs, and the defendants have appealed.

The respondents were owners of the land in question. They neglected to pay the taxes thereon, and a certificate of delinquency was issued to one A. A. Booth, who brought an action to foreclose the certificate. The certificate showed that the land was assessed to the respondent Hiram H. Rust. The action was brought against him, and service was had by publication of summons. Mr. Rust lived in King·county, and maintained his residence upon the land. He lived part of the year upon the land and part at the town of Enumclaw, within about three miles of the land in question. His residence

[1]Reported in 100 Pac. 998.

was well known in the vicinity.  No personal service was made upon him, and he knew nothing of the foreclosure proceedings until after judgment and deed.  He thereupon brought this action to set aside the tax judgment upon the ground above stated.  He tendered the amount of taxes due, together with penalty, interest, and costs.  The only question in the case is whether the court erred in vacating the judgment and deed because the respondent Rust was not personally served with summons in the tax foreclosure proceedings.

Appellants rely upon the following cases: *Washington Timber & Loan Co. v. Smith*, 34 Wash. 625, 76 Pac. 267; *Allen v. Peterson*, 38 Wash. 599, 80 Pac. 849; *Rowland v. Eskeland*, 40 Wash. 253, 82 Pac. 599.  The first of these cases was a foreclosure by the county, and it was there held that service might be made by publication, and that the owner was bound to take notice of the action.  *Allen v. Peterson, supra*, was an action by a private person to foreclose a certificate.  The person to whom the property was assessed and another not mentioned in the certificates were made parties.  The service was had by publication.  The party to whom the land was assessed was dead.  We there held, at page 604, that, when "the legislature provided that the lien for taxes might be foreclosed in the courts against the person to whom the land was assessed, whether that person was or was not the owner of the property, it acted within its power and the person foreclosing acquires a legal title by proceeding as the statute directs."  The party to whom the land was assessed was the necessary party.  Service could not be made upon him, but could be made *in rem* only by publication, and such service was sufficient.  In *Rowland v. Eskeland*, where the tax title was based upon a foreclosure by the county, we held that notice might be given exclusively by publication as the statute directs, and that the statute only requires notice to be given to the owner named in the delinquent tax certificate.  While it was decided in these cases and many

others which are therein referred to that these tax fore-
closures are proceedings *in rem*, and that it was within the
power of the legislature to prescribe the kind of service or
notice to be given, it was not held that in a foreclosure by a
private party, as this one was, the notice or service required
by statute need not be given. The rule is that the statute
must be strictly followed.

The case of *McManus v. Morgan*, 38 Wash. 528, 80 Pac.
786, is directly in point upon the question presented in this
record. In construing the statute requiring the notice to be
given to the owner of the property described in the tax cer-
tificate where the action is brought by a private party, we
said:

"We think the language here used was intended to convey
the idea that the notice was to be given under the rule for
serving civil process—that is, it was to be served personally,
if personal service could be made, and, if personal service
could not be made, then the service might be made by pub-
lication. But before the substituted service could take the
place of personal service under the statute, the necessary
facts, as required, should affirmatively appear."

In this case it affirmatively appears that actual notice
could and should have been given, because the owner to whom
the land was assessed was an actual resident thereon and of
the county. The case was, therefore, not one for a substi-
tuted service in the foreclosure by a private party. In *Pyatt
v. Hegquist*, 45 Wash. 504, 699, 88 Pac. 933, 935,
we held that a judgment foreclosing a tax certificate, ob-
tained by a private party upon publication of summons, was
properly set aside where it appeared that the owner lived
upon the land and could readily have been found. The rule
as applied in these two cases last cited must control in this
case. The tax judgment and deed were, therefore, properly
vacated, and the judgment must be affirmed.

CROW, PARKER, DUNBAR, CHADWICK, FULLERTON, and
GOSE, JJ., concur.

MORRIS, J., took no part.