[No. 7943. Department One. September 25, 1909.]

Alice I. French, *Appellant*, v. Washington Taylor *et al.*, *Respondents.*[1]

Taxation—Foreclosure—Parties—Action to Set Aside—Complaint—Sufficiency. Under the statute, a tax foreclosure proceeding against community real property need not be brought against both husband and wife; and a complaint by a wife to set aside such a foreclosure for want of service on the husband does not state a cause of action where it fails to affirmatively show want of service upon the person whose name appears on the assessment roll as the owner.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered October 17, 1908, upon sustaining a demurrer to the complaint, dismissing an action to recover possession of real property. Affirmed.

*Howard Waterman* and *Smith & Cole*, for appellant.

*James Hart* and *Jay C. Allen*, for respondents.

Fullerton, J.—Alice I. French brought this action to recover possession of a certain parcel of real property situated in King county. A demurrer to the complaint was interposed and sustained, and on her election to stand on the complaint, judgment of dismissal and for costs was entered against her. From the judgment she appeals.

In her complaint the appellant alleged that the property in

[1]Reported in 104 Pac. 125.

question was, on and prior to November 16, 1901, the community property of herself and her then husband, the respondent C. H. French; that they were divorced on that date by the decree of the superior court of King county, in which decree no mention was made of this particular parcel of real property; that for some years prior to the year 1900, they had suffered the taxes on the property to become delinquent, and on June 25, 1900, a certificate of delinquency for taxes for the years 1892 to 1896, inclusive, was issued by the county treasurer to the respondent Washington Taylor; that Taylor thereafter paid the taxes on the property for the years 1897, 1898 and 1899, the total sum so paid being $257.31. That thereafter, and on or about August 30, 1900, Taylor began an action against the appellant and her then husband, C. H. French, to foreclose his certificate of delinquency, and served notice of his application to foreclose, on her personally, but failed to serve her husband with notice of the application; that an attempt was made to serve him by publication, but such attempted service was void for the reason that it did not comply with the statute governing the service of summons by publication in force at that time; that on December 31, 1900, a judgment of foreclosure was entered in the proceedings against both herself and her husband, and thereafter the property was sold under such judgment and purchased by the respondent Taylor. It was further alleged that the appellant had tendered to the respondents all taxes paid by him, with interest, penalties and costs, but that such tender was refused. It was not alleged, however, in whose name the property was assessed upon the assessment rolls of King county, whether in the name of the appellant or some one else, nor can any inference be drawn from the facts alleged that the appellant herself was not named on the assessor's rolls as the owner of the property.

The appellant contends that the complaint alleges sufficient facts to show the invalidity of the tax foreclosure proceedings

40—54 WASH.

under which the respondents claim title. She argues that since the property in question was, at the time the foreclosure proceedings were had, the community property of herself and her then husband, no foreclosure of a tax lien thereon could be legally made without joining both herself and her husband in the proceedings, and serving each of them with notice of the proceedings; and since her husband was not served with such notice, the attempted foreclosure was void *in toto*, and she can recover possession of the property in this action.

Unquestionably, it is the rule in this state that both husband and wife are necessary parties to any proceeding brought to foreclose a lien upon their community real property which by the statute must be brought against the owners of the property, and unless both spouses are made parties to such a proceeding, and served with process, the proceeding is void. This rule was announced in the early case of *Littell & Smythe Mfg. Co. v. Miller*, 3 Wash. 480, 28 Pac. 1035, and has been adhered to with substantial uniformity ever since. *Powell v. Nolan*, 27 Wash. 318, 67 Pac. 712, 68 Pac. 389; *McNair v. Ingebrigtsen*, 36 Wash. 186, 78 Pac. 789; *Sloane v. Lucas*, 37 Wash. 348, 79 Pac. 949.

But it is not necessary in this state, in order to make a valid foreclosure of a certificate of delinquency for taxes, that the proceedings be brought against the owners of the property on which the tax is a lien. By express provisions of the statute, and by the repeated holdings of this court, such a proceeding may be prosecuted against the actual owners of the property, or against the person whose name appears upon the assessment roll as the owner, and that a foreclosure proceeding against either, if regular, is valid. *Carney v. Bigham*, 51 Wash. 452, 99 Pac. 21; *Rowland v. Eskeland*, 40 Wash. 253, 82 Pac. 599; *Allen v. Peterson*, 38 Wash. 599, 80 Pac. 849.

The appellant's complaint, as we have shown, does not negative the presumption that due service of process was made on the person to whom the land was assessed on the

assessment roll of the county. This was necessary we think in order to state a cause of action. Since the land was sold for taxes, the appellant was compelled, in order to state a cause of action under our somewhat peculiar statute, to show the invalidity of that sale, and to do so it was necessary, inasmuch as she relied upon want of service to establish the invalidity of the tax sale, to show there was no service upon any person upon whom service would give validity to the judgment. This the complaint does not do; it shows want of service upon the owners of the property, but does not show that service was not had on the person to whom the property was assessed upon the assessment rolls of the county. The complaint therefore does not state a cause of action.

The judgment is affirmed.

RUDKIN, C. J., GOSE, CHADWICK, and MORRIS, JJ., concur.