[No. 7996. Department One. November 17, 1909.]

A. N. OLSON et al., Respondents, v. PAUL H. JOHNS et al., Appellants.[1]

TAXATION—FORECLOSURE—PROCESS—SERVICE OF PUBLICATION—RESIDENT DEFENDANT. The foreclosure of a tax certificate is void where there was no attempt made to personally serve the defendant, who lived in the city and whose name and address was in the city directory, and service was had by publication upon an attorney's affidavit of nonresidence and the sheriff's return of not found, made immediately upon presenting the summons at the sheriff's office without any attempt to find or serve the defendant.

Appeal from a judgment of the superior court for King county, Albertson, J., entered March 5, 1909, upon findings

[1]Reported in 104 Pac. 1116.

in favor of the plaintiffs, in an action to recover property sold for taxes, after a trial before the court without a jury. Affirmed.

*Aust & Terhune,* for appellants.

*F. R. Conway* and *A. C. MacDonald,* for respondents.

PER CURIAM.—The only question involved in this appeal is the sufficiency of the service by publication.

On October 14, 1901, an action to foreclose a certificate of delinquency was brought, naming Nelson Olson, grantor of the respondent, as defendant. The property covered by the certificate was situate in West Seattle, being two unimproved lots. Nelson Olson then, and for a long time prior thereto, lived at Ballard, and his residence was given as such in the Seattle city directory. No attempt was made to serve him personally. No search was made by the person making the affidavit of nonresidence. No attempt at a search was made by the sheriff, who made his return of "not found" immediately upon presentation to him of the notice and summons and affidavit of nonresidence. The judgment based upon such a service was void. The statute provides that, in cases of this nature, "Summons shall be served in the same manner as summons in a civil action."

In construing this language, this court held, in *McManus v. Morgan,* 38 Wash. 528, 80 Pac. 786, that the notice was to be served personally, if personal service could be made, and that service by publication could be had only when personal service could not be had. Before it can be determined that personal service cannot be made, there must be some attempt to make it. Taking the notice and summons to the sheriff's office, with an affidavit of nonresidence, and immediately obtaining a return of "not found," upon which to predicate substituted service, is not a compliance with the statute. It is hardly to be supposed the sheriff would find the defendant in his office. The plain meaning and intendment of the stat-

ute is that the sheriff shall make some search and inquiry sufficient to justify him in believing that the defendant cannot be found in the county. The attorney made no search to locate the defendant. He could hardly be in a position to give the sheriff any information as to his being or not being a resident of the county. It is suggested that the property was located in West Seattle, a sparsely settled neighborhood at that time, while Olson lived at Ballard, and a search in the vicinity of the property would not locate him. The scarcity of people in that vicinity, Olson not being among them, would doubtless have suggested to the sheriff other means of location, such as the use of the city directory, which in this instance would have located Olson and permitted personal service.

It is also suggested that the service was good under the authority of *Allen v. Peterson and Sanders*, 38 Wash. 599, 80 Pac. 849. In that case the land was located in San Juan county, and was assessed to Peterson. When the action was commenced, Peterson was dead and Sanders lived in King county. The service was made by publication. The point decided was that the foreclosure proceeding, being in the nature of an action *in rem*, might be maintained against the person to whom the property was assessed, whether or not he was the owner, and inasmuch as Peterson was the one to whom the land was assessed, and service could not be made upon him, but could be made *in rem* only by publication, that such service was sufficient as against the owner Sanders. This court has uniformly held, when the question has been before it, that, where it appears that personal service could be easily and readily had upon any attempt to so serve, service by publication is not warranted, and the judgment following such service is void. *Pyatt v. Hegquist*, 45 Wash. 504, 88 Pac. 933; *Rust v. Kennedy*, 52 Wash. 472, 100 Pac. 998; *Rust v. McManus*, 52 Wash. 699, 100 Pac. 999.

The above cases are determinative of the question here submitted, and the judgment is affirmed.