[No. 11795. Department One. November 7, 1914.]

MRS. C. RADCLIFF, *Respondent*, v. T. B. HUGHES *et al.*,
*Appellants*, TRADERS NATIONAL BANK OF SPOKANE,
*Defendant*.[1]

TAXATION—FORECLOSURE OF LIEN—NOTICE TO OWNERS—OWNER DESCRIBED IN CERTIFICATE—SUBSEQUENT OWNERS. Under Rem. & Bal. Code, § 9254, providing that, when a tax certificate of delinquency is foreclosed, notice to the owner of the property described in such certificate is necessary, and Id., § 9257, providing that the names of the persons appearing on the treasurer's rolls as the owner or owners of the property, shall be treated as the owner or owners of the property, it is only necessary to serve notice of foreclosure upon the persons whose names appear as owners on the treasurer's rolls at the time of the issuance of the certificate of delinquency, and subsequent purchasers whose names thereafter appear on the rolls at the time the action to foreclose was commenced are not entitled to notice of the suit.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered July 7, 1913, upon findings in favor of the plaintiff, in an action to cancel a tax deed and quiet title. Reversed.

*Danson, Williams & Danson* (*George D. Lantz*, of counsel), for appellants.

*R. L. Edmiston*, for respondent.

MAIN, J.—The purpose of this action was to have declared null and void a tax deed, and to have the title to the real estate therein described quieted in the plaintiff.

The facts are as follows: The assessment rolls in the office of the county treasurer of Spokane county, Washington, for the years 1906, 1907, and 1908, showed the Security Savings Society, a corporation, to be the owner, and during those years it was in fact the owner, of the property in question. The taxes for those years were not paid, and on June 1, 1909, the treasurer of Spokane county issued to E. K.

[1]Reported in 143 Pac. 980.

Erwin a certificate of delinquency, the Security Savings Society being named therein as owner. Thereafter, the Traders National Bank, of Spokane, Washington, acquired the delinquent certificate, and paid the taxes accruing upon the property for the years 1909 and 1910. The property during these years was assessed to James M. Fahey, and so appeared upon the assessment rolls; and for the years 1911 and 1912 the assessment rolls showed that the property was assessed to C. Radcliff. On October 23, 1911, the bank commenced foreclosure proceedings upon the delinquent certificate. The Security Savings Society only was made defendant, and process was served upon it. The plaintiff, the owner of the property during the year 1911, was neither made a party to the foreclosure proceedings nor served with notice thereof. At the foreclosure sale, the defendant herein, T. B. Hughes, purchased the property.

The cause was tried to the court without a jury. The court found in favor of the plaintiff and entered a decree adjudging the treasurer's deed issued in the foreclosure proceedings null and void, and quieting the title to the property in the plaintiff. The defendants T. B. Hughes and wife have appealed.

From the facts stated, it appears that the name of the Security Savings Society, a corporation, appeared upon the tax rolls as the owner of the property, and was in fact the owner during the years for which the tax became delinquent and the certificate of delinquency was issued. Its name also appeared in the delinquent certificate as owner. At the time the suit was instituted, the name of the Security Savings Society did not appear upon the tax rolls as the owner of the property, and in fact it was not then the owner. In the foreclosure suit, the Security Savings Society was made a party defendant and process was served upon it. The owner of the property at the time the suit was instituted was neither a party to the action nor served with notice.

Section 9254, Rem. & Bal. Code (P. C. 501 § 238), pro-

vides, that when a certificate of delinquency is foreclosed "notice to the owner of the property described in such certificate" is necessary.

Section 9257, Rem. & Bal. Code (P. C. 501 § 241), provides that "The names of the person or persons appearing on the treasurer's rolls as the owner or owners of said property for the purpose of this chapter shall be considered and treated as the owner or owners of said property . . ."

The respondent claims that the words "names of the person or persons appearing on the treasurer's rolls as the owner or owners," means the names so appearing at the time of the commencement of the action to foreclose. The appellants claim that these words mean the names of the person or persons appearing as owner or owners at the time the delinquent tax certificate was issued. This is not now an open question in this state. The view has been announced and adhered to that the names of the person or persons appearing upon the treasurer's rolls as owner or owners means the person or persons appearing as such on the rolls when the certificate is issued and who are described in such certificate as the owner or owners. In *Rowland v. Eskeland*, 40 Wash. 253, 82 Pac. 599, speaking upon this question it was said:

"We held in *Spokane Falls etc. R. Co. v. Abitz*, 38 Wash. 8, 80 Pac. 192, that the notice is sufficient where it is given to the person appearing as owner on the treasurer's rolls when the certificate is issued. The statute only requires notice to be given to the owner *described in such certificate.*"

To the same effect in *Preston v. Cox*, 50 Wash. 451, 97 Pac. 493, it was said:

"The purpose of the statute is to establish some standard by which a certificate holder may require all persons interested in the property to take notice of the pending procedure to foreclose. As we said in *Williams v. Pittock, supra*, [35 Wash. 271, 77 Pac. 385], he is not required to determine in advance who may be the owner in fact—a difficult and hazardous thing to attempt in many cases. By describing the name used in the tax records when the tax was assessed,

and by so directing the notice, he may require all interested persons to take notice."

In the light of those decisions, further discussion of the question seems unnecessary. In this case, notice was served upon the corporation the name of which appeared upon the tax rolls for the years for which the tax became delinquent and which name also appeared in the certificate. Under the rule of the cases cited above, it was not necessary that the notice be served upon the one whose name appears as such owner upon the tax rolls at the time the action was instituted.

It follows that the judgment must be reversed, and the cause remanded with direction to dismiss. It is so ordered.

CROW, C. J., GOSE, CHADWICK, and ELLIS, JJ., concur.