[No. 13415.   Department One.   August 25, 1916.]

## O. M. SPARKS, *Appellant*, v. STANDARD LUMBER COMPANY, *Respondent*.[1]

TAXATION—TAX TITLE—FORECLOSURE OF DELINQUENCY CERTIFICATE—UNNECESSARY PARTIES—SERVICE—TAX DEED—EFFECT. The foreclosure of a delinquency tax certificate being a proceeding *in rem* in which the owner of record described in the certificate is the only necessary defendant, the proceeding is not void or subject to collateral attack because of failure to personally serve the record owner of the property at the time the certificate was foreclosed, notwithstanding he was made a party and was living on the premises; especially in view of Rem. & Bal. Code, § 9267, providing that a tax deed shall be *prima facie* evidence of the regularity of the proceedings, and the policy of the state to make a tax title a favored title equivalent to a decree quieting title in the purchaser as a grant from the state.

SAME—FORECLOSURE—DUE PROCESS—NOTICE TO OWNER. Tax foreclosure proceedings, being *in rem*, do not necessarily depend upon the practice acts, and in no way violate the constitutional guaranties of due process through want of personal notice to the owner.

SAME—FORECLOSURE—COLLATERAL ATTACK—RIGHTS OF MORTGAGEE. An attack upon a tax foreclosure judgment and sale, by a mortgagee who does not show a payment by the reputed owner or any attempt to comply with the privileges to pay or redeem given mortgagees by Rem. & Bal. Code, §§ 9258, 9259, is no more than at attempt to redeem in equity after the time of redemption.

Appeal from a judgment of the superior court for Spokane county, Edward H. Wright, J., entered July 8, 1915, in favor of the defendant, in an action to vacate a tax deed and to foreclose a mortgage, tried to the court.   Affirmed.

*F. W. Girand* and *Roche & Onstine*, for appellant.

*Joseph Rosslow*, for respondent.

CHADWICK, J.—Appellant began this action to foreclose a mortgage upon a certain tract of land in Spokane county. The complaint, in addition to the usual averments, sets up

[1]Reported in 159 Pac. 812.

a tax foreclosure proceeding, and a tender to the respondent, the present owner under the tax title, of the full amount bid at the tax sale, with costs and fifteen per cent interest from the time of the sale, asserting that the tax foreclosure proceeding and sale was void. Respondent set up title deraigned through the tax foreclosure proceeding, and other defenses not necessary to be mentioned.

The invalidity of the tax foreclosure is alleged to be in that, although the delinquency certificate was taken out in the name of Feninger, who is named as defendant, one Le Roy Price was the record owner at the time the certificate was foreclosed; that the holder of the certificate made Price a party defendant and, having known the fact of his ownership, was bound to serve him under penalty of voiding the whole proceeding. Service was made on Feninger personally, and on Price by publication, but it is insisted that no reasonable or honest effort was made to make personal service on Price. The proceeding would not be open to question had the plaintiff in the tax foreclosure been content to make Feninger alone the party defendant. *Williams v. Pittock,* 35 Wash. 271, 77 Pac. 385; *Spokane Falls & N. R. Co. v. Abitz,* 38 Wash. 8, 80 Pac. 192; *Ballard v. Ross,* 38 Wash. 209, 80 Pac. 439; *Rowland v. Eskeland,* 40 Wash. 253, 82 Pac. 599; *Darnell Min. & Mill. Co. v. Ruckles,* 45 Wash. 180, 88 Pac. 101; *French v. Taylor,* 54 Wash. 624, 104 Pac. 125; *Radcliff v. Hughes,* 82 Wash. 167, 143 Pac. 980; *Rockwood v. Turner,* 89 Wash. 356, 154 Pac. 465.

The only question calling for consideration is whether the service on Price was essential to give the court jurisdiction. We shall assume that Price was, at the time, a resident upon the land, and might have been served personally, and that no effort was made to make personal service, although the fact is not established to our entire satisfaction. Under the statute and the authorities cited, Price was not a necessary party to the proceeding. It will require no citation of authority to sustain the proposition that a failure to serve an

unnecessary party to a proceeding *in rem* cannot be asserted in a collateral attack upon a judgment. This is the logic of *French v. Taylor*, 54 Wash. 624, 104 Pac. 125.

Aside from the rules governing in ordinary cases, we are reminded of the statute (Rem. & Bal. Code, § 9267), which declares that tax deeds "shall be *prima facie* evidence in all controversies and suits in relation to the right of the purchaser: . . . That the sale was conducted in the manner required by law." This means that the former rule, and the one even now prevailing in many states, that a purchaser at a tax sale buys *caveat emptor* and has the burden of sustaining his title, is overthrown, and the burden is on the one who asserts its invalidity to overcome the deed by competent and controlling evidence. This rule has been relaxed only in exceptional instances—in cases of active fraud, and where a party had actually paid, or had made a *bona fide* attempt to pay, his taxes, and the fault was that of the public officials. But these cases were made to rest upon equitable principles. The record disclosed no fault in the one whose duty it was to meet the tax. Such an one must find his rights as well as his remedies in the statute.

The nonpayment of a tax is held to be a fault. We have said in many cases that one must take notice of the fact that taxes will be assessed against his property and must be paid, and if not, the property will be sold to satisfy the tax. *Williams v. Pittock*, 35 Wash. 271, 77 Pac. 385. We have emphasized the fact that the tax laws take account of the property rather than the owner. *Allen v. Peterson*, 38 Wash. 599, 80 Pac. 849. This is no more than to say that a proceeding to collect a tax is a proceeding *in rem*, and that objections going to jurisdiction over the person will find no favor unless based upon some recognized principle of equity.

The legislature has for twenty-five years, by the clearest expressions, made a tax foreclosure a proceeding *in rem*, and a tax title a favored title as contradistinguished from the

ordinary conception of a tax title—a title tainted with the suspicion of illegitimacy. In keeping with its purpose, it has even made a title issued under a void tax foreclosure a good title if not attacked within three years. *Lara v. Sandell*, 52 Wash. 53, 100 Pac. 166; *Hamilton v. Witner*, 50 Wash. 689, 97 Pac. 1084, 126 Am. St. 921; *Huber v. Brown*, 57 Wash. 654, 107 Pac. 850; *Baylis v. Kerrick*, 64 Wash. 410, 116 Pac. 1082; *Fish v. Fear*, 64 Wash. 414, 116 Pac. 1083; *Fleming v. Stearns*, 66 Wash. 655, 120 Pac. 522; *Radcliff v. Hughes*, 82 Wash. 167, 143 Pac. 980.

To this purpose the courts have given liberal response. So that, with the passing of the old rule, it may fairly be said that a tax title is no longer *nullius filius*, but is equivalent to a decree quieting the title in the purchaser as a grant from the sovereign state. *Wilson v. Korte*, 90 Wash. 30, 157 Pac. 47; *Savage v. Ash*, 86 Wash. 43, 149 Pac. 325; *Gustaveson v. Dwyer*, 78 Wash. 336, 139 Pac. 194; *Hanson v. Carr*, 66 Wash. 81, 118 Pac. 927.

Appellant relies upon certain of our decisions. It may be that we have allowed some confusion to creep into them, but we think the cases, in their final analysis, are not inconsistent with the cases relied on by respondent, or with our present holding. In *Pyatt v. Hegquist*, 45 Wash. 504, 88 Pac. 933, the land was assessed to an unknown owner. The decision was made to rest upon the "peculiar facts" of the case; the holding being that, where land is assessed to an unknown owner and the true owner is known and is actually living on the land at the time of the foreclosure, it is a fraud to publish summons "under the circumstances and conditions of the record." The circumstance dwelt on throughout the opinion was that the land was assessed to an unknown owner. In *Olson v. Johns*, 56 Wash. 12, 104 Pac. 1116, the certificate was issued in the name of the defendant, who was the only party defendant. So in *Rust v. Kennedy*, 52 Wash. 472, 100 Pac. 998, the certificate was issued in the name of Rust, who lived on the land. No personal service was made or attempted

in either case although it might have been made. It was held to be a fraud on the right of the property owner to resort to a service by publication. The holding in these cases rests not upon the tax statutes, but upon the general rules of law that a necessary defendant may not be served by publication where personal service might have been had by the exercise of ordinary diligence.

In the latter case, the court distinguishes the cases, referring to *Allen v. Peterson, supra,* which we shall have occasion to notice, and further laid down the test, in actions *in rem,* that the statute must be strictly followed, which is but another way of saying, if the statute is strictly followed, the proceeding is not void.

That a proceeding against the land in the name of the one described as owner in the certificate is within the statute, is held by all the cases where the question is discussed. To hold that a proceeding, regular upon its face, is void because an unnecessary defendant under the statute is made a party and not served, would be to open tax foreclosure judgments to attack where the owner of the delinquency certificate had, or should have had, notice that a change of ownership had occurred. The fact that a present record owner is named as a defendant would, in no sense, alter the rule. It would be no more than evidence of notice of a subsequent ownership, and would subject every tax title to the hazard of collateral inquiry. To say that it is only necessary to follow the statute and make the one named in the certificate a defendant in order to make a perfect record and, at the same time, to hold that, if there be knowledge of a subsequent ownership, the owner should be served, would be to make the proceeding depend on notice to such subsequent owner, and not upon the procedure outlined in the statute. It would be the abandonment of the special proceeding in favor of the rules of practice provided in the code of civil procedure.

Tax proceedings do not necessarily depend upon the practice acts. Cooley, Taxation, p. 59; *McMillen v. Anderson,*

95 U. S. 37. Nor does our special proceeding, in form a foreclosure of a delinquency certificate, in any way violate the constitutional guaranties of due process. The proceeding is *in rem* and may be prosecuted, as is said in *Allen v. Peterson, supra,* regardless of ownership. A tax proceeding is not a suit between parties. It is the exercise of the sovereign power to tax. The state is the one party, the property is the other. Personal notice to the owner is not required unless demanded by statute. *Merchants' & Manufacturers' Bank v. Pennsylvania,* 167 U. S. 461; *Kentucky Railroad Tax Cases,* 115 U. S. 321. The owner of the property is bound to take notice of every step from the initial listing and levy until the power of the sovereignty, then in motion, is exhausted. *Williams v. Pittock, supra.* It is enough that the owner may question the validity of the tax either before or after the tax is levied, or is made a charge upon the property. Cooley, Taxation, p. 60; *McMillen v. Anderson, supra; Davidson v. New Orleans,* 96 U. S. 97. But this means an inquiry into the legality of the tax. It gives no right to question the procedure if the record is fair upon its face and shows a compliance with the statute.

We are not disposed to extend the doctrine of *Pyatt v. Hegquist, supra,* but rather to reassert the doctrine of *Williams v. Pittock, supra,* where the court said:

"If . . . a lien holder is chargeable with knowledge that taxes are unpaid, by so much more should an owner be so chargeable. The primary duty rests upon him to see that the taxes are paid, if he would prevent his land from being sold therefor. He is chargeable with knowledge of every step in the tax procedure, including the listing by the assessor, the sitting of the board of equalization to hear complaints, the completion of the rolls, their delivery to the treasurer, and the issuance of the certificate of delinquency. He must also know that, after the lapse of the statutory period, the right of redemption will be foreclosed. With such knowledge and after his neglect to pay the taxes within the

long period which the state has graciously given him, he cannot complain etc."

and of *Allen v. Peterson, supra,* holding:

"A tax foreclosure proceeding in this state is a proceeding against property, and is in no sense an action against the person of the owner of such property. Its purpose is to charge such property with its just proportion of the public revenues, and the state's dominion over the land exists for that purpose without regard to its ownership. When, therefore, the legislature provided that the lien for taxes might be foreclosed in the courts against the person to whom the land was assessed, whether that person was or was not the owner of the property, it acted within its powers, and the person foreclosing acquires a legal title by proceeding as the statute directs."

Aside from these considerations, it may well be doubted whether appellant is in a position to even question the tax title by showing, independently of the record, that Price was, in fact, within the jurisdiction of the court and might have been served. He is met by a judgment of the court that is fair on its face. He does not show a payment, or an attempt to pay, by the reputed owner, or a compliance, or an attempt to comply, with any of the privileges given him as a mortgagee. He might have paid the tax as a mortgagee and asserted it as a lien (Rem. & Bal. Code, § 9258) or he might have redeemed in aid of his mortgage at any time before the deed was issued. Rem. & Bal. Code, § 9259. His case, when stripped to its elements, is no more than an attempt to redeem in equity beyond the time of redemption.

It is assumed, of course, that a mortgagee has a sufficient interest to maintain a suit in equity to clear the title in aid of his mortgage.

Affirmed.

MORRIS, C. J., FULLERTON, MOUNT, and ELLIS, JJ., concur.