[Civil No. 4576.   Filed June 14, 1943.]

[138 Pac. (2d) 896.]

ENCARNACION SANTOS and LUCY SANTOS, Husband and Wife, Appellants, v. ROBERT R. SIMON, Appellee.

Mr. Dodd L. Greer, for Appellants.

Mr. C. D. McCauley and Mr. P. H. Brooks, for Appellee.

ROSS, J.—Robert R. Simon, the owner of Lot 4 of Block 123, Kleindienst Addition to the City of Winslow, Navajo County, Arizona, brought this action against Encarnacion and Lucy Santos, husband and wife, owners of record of Lots 1, 2 and 3 of said Block 123, to establish and quiet his title to a portion, 18.5 feet by 50 feet, of Lot 3. He alleges that he and his predecessors in interest "have maintained a residential structure, consisting of an adobe house, garage and board fence, upon Lot 4 and" the portion of Lot 3 mentioned, and that their possession has been peaceable, continuous and adverse for ten years last past. He seeks to have his prescriptive title quieted to said piece of land and also to have it decreed that he is entitled to an easement over other portions of said Lot 3 for the purposes of ingress and egress.

The defendants' answer is that they not only are the owners of said Lot 3 but have been in the peaceable and adverse possession thereof, using and enjoying the same, for more than ten years last past. They also allege they have a recorded deed of said property and, under such allegation submitted in evidence, without objection, a tax deed to themselves from the Board of Supervisors of Navajo County, dated March 7, 1939, for said Lots 1, 2 and 3.

The case was tried by the court without a jury and judgment went for plaintiff granting him his full prayer. The defendants have appealed.

There is no brief for plaintiff.

The action was brought under the provisions of section 29–103, Arizona Code 1939, reading:

"Any person having a right of action for recovery of any lands, tenements or hereditaments against another having peaceable and adverse possession thereof, cultivating, using and enjoying the same, shall institute his action therefor within ten (10) years next after his cause of action has accrued, and not afterward. . . . "

We have carefully gone over the evidence upon which the trial court entered its judgment in favor of plaintiff. We think it probably sustains the allegations of plaintiff's complaint to the effect that he and his predecessors in interest have been in the peaceable and adverse possession of the portion of Lot 3 described in his complaint for the last ten years prior to filing his complaint, although there is much evidence to the contrary.

However, the defendants are dissatisfied and urge two grounds for a reversal of the judgment. One of the grounds is that the evidence does not support the judgment, in that it fails to show that the possession of said piece of land by plaintiff and his predecessors in interest was continuous and unbroken for the full period of ten years. Under this claim defendants say the law requires that where, as here, it appears that there were several successive adverse occupants of the premises, their possession can be tacked together only when evidenced by deeds duly executed. The rule, however, seems to be that

"any conveyance, agreement, or understanding which will refer the several adverse possessions to the original entry and which is accompanied by a transfer of possession will create such a privity as to permit a tacking. The ordinary solemnities for the transfer of land are not required; no written instrument is necessary, a parol transfer will suffice. . . . " 2 C. J. S., Adverse Possession, p. 694, § 131.

The rule announced in *George* v. *Gist,* 33 Ariz. 93, 263 Pac. 10, relied on by defendants, to the effect that lands, or interests therein, can be conveyed only by deed, has no application.

The other defense is that the defendants are the owners of said Lot 3 by virtue of a deed thereof from the Board of Supervisors of Navajo County to them, dated March 7, 1939, made and executed under and by virtue of sections 73–838 and 73–839, Arizona Code 1939. Such sections provide that the board of supervisors may ad-

vertise real estate held by the state by tax deed, and sell the same to the highest bidder for cash, and upon such sale execute and deliver to the purchaser a deed conveying to him the title of the state in and to the tract so purchased.

Section 73–840 provides that if the property be improved and occupied adversely to the title of the state, the board of supervisors may direct the county attorney to bring an action in the state's name for the possession of the same. This provision places the burden upon the county board of supervisors, or the state, to clear the title to the property and deliver the possession thereof to the purchaser. If such an action had been brought by the county attorney, a defense by Simon that he had acquired title to Lot 3, or a portion thereof, by prescription would not be good. In other words, the state had acquired a title to Lot 3, and all of it, unencumbered by any adverse title, and when it sold such lot it passed to the purchaser free from any prescriptive title.

It may be said that Santos should not be allowed to set up his after-acquired title from the state as a defense or counterclaim because the tax sale through which he claims was made for taxes against his property. That is the point. The owner does not owe the tax levied against his property. The whole proceeding to collect taxes is *in rem*. Under our tax system, it is the property that owes the tax, and not the owner. *Sparks* v. *Standard Lumber Company,* 92 Wash. 584, 159 Pac. 812.

We think under the evidence and the admitted facts the defendants were entitled to judgment.

The judgment of the lower court is vacated and set aside and the cause remanded with directions that judgment be entered in favor of defendants on their answer and counterclaim.

McALISTER, C. J., and STANFORD, J., concur.