762 P.2d 558

**KING RANCH PROPERTIES LIMITED PARTNERSHIP, an Arizona limited partnership, Plaintiff/Appellee,**

v.

**Clyde SMITH and Marsha L. Smith, husband and wife, Defendants/Appellants.**

No. 2 CA–CV 88–0067.

Court of Appeals of Arizona, Division 2, Department B.

March 10, 1988.

Review Denied Nov. 1, 1988.

Sternberg, Sternberg & Rubin by Mitchell Reichman, Phoenix, for plaintiff/appellee.

Crampton, Woods, Broening & Oberg by Don P. Crampton, Phoenix, for defendants/appellants.

OPINION

FERNANDEZ, Judge.

In this adverse possession case, we must determine if the court was correct in granting summary judgment and finding that there was continuous possession for the required statutory period. The issue is whether there was privity of estate sufficient to permit tacking of the adverse periods. We affirm.

On May 27, 1963, a partnership consisting of Esther and James King, Rubenstein Construction Company, Howard and Bessie Bendalin and Robert and Lillian Kates (the partnership) acquired property in Maricopa County. At the time it took possession of that property, the partnership also took possession of a 2.5 acre parcel of property (the subject property) which is surrounded by the property purchased. Portions of the property, including the subject property, were made suitable for farming by clearing the land. Concrete ditches were built and pumps were installed to provide irrigation to the property. Since at least 1967, the subject property has been included as part of the farm designated as Farm 149–B on the maps of the U.S. Department of Agriculture. Farm 149–B was apparently assigned a "cotton base" by the Department of Agriculture which included the subject property. At all times from 1963 to the date the complaint was filed on September 19, 1985, the subject property was farmed by the partnership, its successors in interest and by various lessees.

The individuals and entities who possessed the subject property and the surrounding property during the period from 1963 to the filing of the complaint are listed as follows:

| Dates of Possession | Time of Possession | Entity and/or Individual in Possession |
|---|---|---|
| 3/25/63—1/31/64 | 10 mos. | Rex |
| 2/1/64—1/1/68 | 3 yrs. 11 mos. | Partnership |
| 1/1/68—12/31/68 | 1 yr. | Wade |
| 1/1/69—1/1/70 | 1 yr. | Partnership |
| 1/1/70—12/31/70 | 1 yr. | Hardesty |
| 1/1/71—1/1/77 | 6 yrs. | Partnership & J.L. King Enterprises, Inc. |
| 1/1/77—8/77 | 8 mos. | Starr |
| 8/77—9/18/85 | 8 yrs. 1 mo. | J.L. King Enterprises, Inc. & King Ranch Properties Ltd. Partnership |

Possession of the subject property was transferred to tenants Rex, Wade, Hardesty and Starr pursuant to written leases. The legal description in the original deed conveying ownership to the partnership was used in the Rex, Wade and Starr leases. That description does not include the subject property. All four leases also conveyed possession of the cotton base assigned to Farm 149–B which includes the subject property. Thus, the Rex, Wade and Starr leases exclude the subject property by means of the legal description but include it by reference to the cotton base. All the tenants took possession and farmed the subject property during their lease periods. In December 1975, Esther and James King purchased the interests of the other partners and eventually conveyed the property to appellee King Ranch Properties Limited Partnership.

Appellee initially filed an action against appellants Clyde and Marsha Smith in July 1984, claiming that it had acquired title to the subject property through adverse possession. That action was dismissed in August 1985 because of lack of prosecution. The present action was filed in September 1985 with identical allegations. Appellants answered and counterclaimed, seeking to quiet title to the subject property which at all times has been in the record ownership of the appellants. The court granted appellees' motion for summary judgment and denied appellant's cross-motion.

On appeal, appellants contend the court erred in finding, as a matter of law, that the Starr lease included the subject property and in finding that possession of the property by appellee and its predecessors in interest was continuous for the statutory period set forth in A.R.S. § 12–526.

## PRIVITY OF ESTATE AMONG ADVERSE POSSESSORS

Both parties agree that the cause of action for recovery of the land is governed by A.R.S. § 12–526, which provides that the action must be brought within 10 years. A.R.S. § 12–521(B) provides:

"Peaceable and adverse possession" need not be continued in the same person, but when held by different persons successively there must be a privity of estate between them.

In *Santos v. Simon*, 60 Ariz. 426, 138 P.2d 896 (1943), the Arizona Supreme Court discussed the requirements that must be met in order to establish privity of estate sufficient to permit tacking for the purpose of perfecting title by adverse possession.

"[A]ny conveyance, agreement, or understanding which will refer the several adverse possessions to the original entry and which is accompanied by a transfer of possession will create such a privity as to permit a tacking. The ordinary solemnities for the transfer of land are not required; no written instrument is necessary, a parol transfer will suffice...."

60 Ariz. at 428, 138 P.2d at 897, quoting 2 C.J.S. *Adverse Possession* § 131 at 694 (1936). In *Santos*, the adverse possession was not claimed through a tenant or tenants but through successive owners. However, in *Cheatham v. Vanderwey*, 18 Ariz. App. 35, 499 P.2d 986 (1972), the court explained that the rule in *Santos* is "equally applicable to adverse possession claimed through a tenant or several tenants." 18 Ariz.App. at 37, 499 P.2d at 988.

In determining whether appellee met the privity requirement sufficient to establish tacking in this case, the trial court's inquiry began and ended with an examination of the Starr lease. Paragraph (1) of that lease provides:

(1) *LEASED PREMISES.*

In consideration of the rents and covenants hereinafter set forth, Lessor hereby demises and leases to Lessee hereby [sic] leases from Lessor the real property generally described as that portion of the Arrowhead Properties which is capable of cultivation, which is hereinafter referred to as "leased premises".

*Legal Description:*

Farm No. 149–B–OP

*Parcel No. 1:* Lots 5 & 6 and the NE ¼ of the SE ¼ of Section 35, T1N, R2W of the Gila and Salt River Base & Meridian.

*Parcel No. 2:* Lots 1, 2, & 3 and the S ½ of the NE ¼ and the S ½ of the NW ¼ of Section 2, T1S, R2W of the Gila and Salt River Base and Meridian.

*Parcel No. 3:* The S ½ of the N ½ of Section 3 and N ½ of the S ½ of Section 3 and the SE ½ of the SE ¼ of Section 3, all in T1S, R2W of the Gila and Salt River Base and Meridian.

*Parcel No. 4:* Lots 1, 2, & 3 in Section 36, T1N, R2W, of the Gila and Salt River Base and Meridian.

*Parcel No. 5:* Tract # 60, Except 2.5 acres described as follows: Beginning at the SW corner of Section 36, T1N, R2W of the Gila and Salt River Base and Meridian; thence N along the W line 330 ft.; thence E 330 ft.; thence S 330 ft.; thence W 330 ft. to point of beginning.

There is no dispute that the subject property was included in Farm No. 149–B–OP as established by the Department of Agriculture. Similarly, there is no dispute that the subject property is the exception in the description of Parcel No. 5. Thus, the description of the leased premises in the Starr lease contains an inherent ambiguity. While this might have relevance if this were an action brought under A.R.S. § 12–523 under color of title, it is irrelevant to this action brought under § 12–526. It is undisputed that the tenant Starr actually possessed and farmed the subject property during his entire lease period pursuant to the lease. These undisputed facts are sufficient to establish privity so as to permit tacking of the lease period.

We therefore conclude that the trial court was correct in ruling that there was no genuine factual issue as to tacking and that appellee and the tenant Starr adversely possessed the subject property for the requisite statutory period. *Chandler v.*

*Jackson,* 148 Ariz. 307, 714 P.2d 477 (App. 1986); *Cheatham v. Vanderwey,* supra.

AFFIRMED.

LIVERMORE, P.J., and ROLL, J., concur.