[No. 12327.   Department Two.   September 13, 1915.]

EDMUND WEHR, *Respondent*, v. LOUIS H. CRAVER,
*Appellant*.[1]

TAXATION — FORECLOSURE—SERVICE OF PROCESS — PRESUMPTIONS—
RECITALS.   In a tax foreclosure suit, recitals in the findings of due
and legal service of process do not have the conclusive effect of
similar recitals in the judgment.

SAME.   Recitals in an order of default in a tax foreclosure upon
which the judgment was based, to the effect that service of process
was had by publication, overcomes any presumption of a different
service arising from a mere recital of due service in the findings
of fact.

SAME—FORECLOSURE—SERVICE OF SUMMONS—CORRECTION OF RE-
TURN.   A return of service in a tax foreclosure cannot be corrected
by filing another affidavit after judgment without leave of court.

SAME.   After entry of a tax foreclosure judgment upon service
by publication, the plaintiff cannot, by affidavit filed in the cause,
show a personal service, without giving notice to the defendant and
an opportunity to be heard.

Appeal from a judgment of the superior court for King
county, Ronald, J., entered February 16, 1914, upon find-
ings in favor of the plaintiff, in an action to set aside a tax
sale, tried to the court.   Affirmed.

*Louis Henry Legg* and *A. C. Macdonald*, for appellant.
*Peterson & Macbride*, for respondent.

FULLERTON, J.—This is an appeal from a decree setting
aside a judgment entered in a tax foreclosure proceeding,
and a sale had and a tax deed issued thereunder.   The decree
was founded on the ground that the tax foreclosure proceed-
ings were void for want of jurisdiction over the person of the
owner of the property.   On this point the trial court found

[1]Reported in 151 Pac. 502.

that one George Winston was the owner of the property at the time of the foreclosure proceedings, and further found:

"IV. That at the time of the commencement of said proceeding, and long prior thereto, said George Winston was a resident of King county, Washington, and that the defendant knew that said Winston was a resident of said county, and knew the whereabouts of said Winston, but that in spite of such knowledge the defendant did cause an affidavit to be filed in said cause to the effect that said Winston was not a resident of the state of Washington and could not be found therein, and cause summons to be had by publication in the Seattle Republican, a paper of limited circulation; and that no legal service of any kind was had upon said Winston.

"V. That by reason of these facts, the court obtained no jurisdiction in said cause, but that nevertheless, a decree was thereafter entered directing the sale of said property for the payment of taxes, and that at the tax sale had under and by virtue of said decree, the defendant did bid in said property, and received a treasurer's deed No. 4068 issued April 8, 1912, purporting to convey said property to the defendant.

"VI. That said decree and the sale had thereunder were obtained by fraud upon the said Winston, upon this plaintiff, and upon this court, and were without jurisdiction, and void."

These findings, under the rule of the case of *Olson v. Johns*, 56 Wash. 12, 104 Pac. 1116, and the cases there cited, justify the decree entered, unless, as the appellant contends, the evidence is insufficient to support the findings.

It is first contended that the question of due and legal service of the summons in the tax foreclosure proceedings is conclusively established, or at least established against ulterior inquiry, by the recitals to that effect in the record of the proceedings. It is true that, in the findings of fact on which the judgment in the foreclosure proceedings is based, it is recited that due and legal service was made upon the defendants, but we have heretofore held that such a recital in the findings would not be given the conclusive effect of a similar recital made in the judgment itself. In *Holly v.*

*Munro,* 55 Wash. 311, 104 Pac. 508, 133 Am. St. 1028, speaking through the late Judge Dunbar, we said:

"On the other proposition involved, it is undoubtedly true that it is the rule of this court that the recitation in a judgment of jurisdictional facts sufficient to give the court jurisdiction to pronounce a judgment establishes the presumption of jurisdiction. But in all the cases decided by us to that effect, the jurisdictional fact was recited in the judgment, while the record in this case shows that such statement is only made in the findings of fact, while the judgment itself is silent on that subject. And while the judgment is based upon the findings, we do not think it wise to extend the rule beyond the solemn declarations of the judgment itself, especially in view of the fact that in this state findings are not required in equity cases, and are therefore not a part of the judgment roll."

In the foreclosure here in question, moreover, the plaintiff moved for, and had entered in the record, a formal order of default against the defendant Winston prior to the making of the findings of fact and the entry of the foreclosure judgment. The order was based on the affidavit of the plaintiff's attorney to the effect that the service on Winston had been made by publication, and the order of default expressly so recites. This formal adjudication as to the manner in which the service was made overcomes any presumption of another and different service which arises from a mere recital of due service in the findings of fact.

After the commencement of the present action, the attorney representing the plaintiff in the tax foreclosure proceedings made and filed with the clerk of the court an affidavit entitled as if in those proceedings, in which he affirmed that he had made personal service of the summons on Winston "in the month of December, 1911, prior to the 15th day of the said month, between the hours of 9 a. m. and 5 p. m. on the day of said service; the exact date of the said service being unknown to this affiant at this time." An examination of the record shows that the time mentioned elapsed between

the time of the filing of the petition in the foreclosure pro-
ceeding and a time more than twenty days prior to the entry
of judgment therein. But it is plain that the return of serv-
ice on the summons cannot be corrected in this manner. Con-
ceding that the amended return was one within the juris-
diction of the court to allow, it could not be made without
leave of court, and no such leave was asked for or obtained
in this instance. But this was not an amendment to a return
of service. It was an attempt to show another and different
form of service from that returned, and from that on which
the court founded its judgment in the proceedings. Had
leave of court been obtained, it could not have been changed
in this particular manner without notice to the defendant.
A defendant has the right to question the fact of service, but
this right will be denied him if the plaintiff may, after judg-
ment in an *ex parte* proceeding, show a service different from
that shown on the original return. It is further claimed that
the evidence introduced at the trial shows a due and regular
service. But we are unable to find that it preponderates
against the conclusion of the trial court.

The judgment is affirmed.

Morris, C. J., Main, and Ellis, JJ., concur.