[No. 13700.  Department Two.  May 18, 1917.]

BESSIE JACKSON *et al., Respondents,* v. E. S. BATEMAN,
*Appellant.*[1]

TAXATION—FORECLOSURE—SUMMONS—NAME OF OWNER—TAX SALE
—VALIDITY.  Where property was assessed upon the assessor's roll in
the name of the owner Bessie Jackson, who occupied the property
and had possession, and by a clerical error in transcribing the roll,
the name of Bessie Jacobson was erroneously certified to the county
treasurer and a treasurer's certificate of delinquency was issued in
that name, a summons for publication in the name of Bessie Jacob-
son is insufficient, under the statute requiring the property to be
assessed and the collection made in the name of the owner; and a
tax sale thereunder to a purchaser having notice that Bessie Jack-
son was the owner in possession is a fraud upon her entitling her
to attack the sale upon tendering taxes, interest and costs.

Appeal from a judgment of the superior court for King
county, Ronald, J., entered April 10, 1916, upon findings in
favor of the plaintiffs, in an action to vacate a tax deed, tried
to the court.  Affirmed.

*L. E. Kirkpatrick,* for appellant.
*Oliver Hulback,* for respondents.

MOUNT, J.—This action was brought by the respondents to
set aside a judgment foreclosing a delinquent tax certificate,
and to set aside a deed issued by the treasurer upon such
foreclosure.  Upon the trial of the case, the court entered a
decree as prayed for.  The defendant has appealed.

The facts are as follows:  The real estate for which the
deed was issued was owned, prior to the foreclosure sale, by
Bessie Jackson and her husband.  They allowed the taxes to
become delinquent for the years 1910, 1911, 1912, and
1913.  The property was assessed upon the assessment roll
for these years in the name of Bessie Jackson, but, by a
clerical error in transcribing the names from the assessor's

[1]Reported in 165 Pac. 63.

roll to the treasurer's collection roll, Bessie Jacobson was named as the owner of the property for the year 1912. The county treasurer issued a certificate of delinquency, naming Bessie Jacobson as the owner, and the foreclosure was had against Bessie Jacobson. The sale was made and the deed issued pursuant to that foreclosure. Bessie Jackson, the owner of the property, was not served with summons, and did not know of the foreclosure until after the deed had been issued. She thereupon tendered to the appellant the amount of taxes, interest and costs, and demanded a deed to the property, which was refused. This action was thereupon brought to set aside the treasurer's deed, for the reason that the foreclosure was void as to her.

In addition to the facts stated, the trial court found that the defendant, the appellant here, had been personally acquainted with Bessie Jackson ever since she purchased the property; that Bessie Jackson, either in person or by tenant, had occupied the premises ever since the purchase, and was so occupying the premises at the time of the foreclosure; and that the appellant knew that the lots in question had not been assessed to Bessie Jacobson, but that the lots had been assessed upon the assessor's roll to Bessie Jackson.

The sole contention of the appellant is that the service by publication upon the person named upon the treasurer's roll is sufficient to give the court jurisdiction to sell the land. He relies upon the provision of the statute (Rem. Code, § 9257), as follows:

"The names of the person or persons appearing on the treasurer's rolls as the owner or owners of said property for the purpose of this chapter shall be considered and treated as the owner or owners of said property. . . ."

And it is argued that the foreclosures of delinquent tax certificates are proceedings *in rem* and that, when the statute is strictly followed, foreclosure is valid. A number of cases to that effect are cited in the brief. But we think that rule

does not apply to the facts in this case. Under the statute (Rem. Code, § 9113), it is the duty of the assessor to list the real estate, "showing the names and owners, if to him known, and if unknown, so stated." The assessor knew the owner when this property was assessed for taxation, and listed it as the property of Bessie Jackson for all the years from 1909 to 1914, inclusive. The assessor is also required by that section to extend and certify the rolls to the county auditor. After the rolls are delivered to the county auditor and the taxes are extended thereon, they are certified by the county auditor to the county treasurer. Rem. Code, § 9217. The county treasurer is required to collect the taxes. By an error in extending the assessor's rolls, the name of the owner was changed from Bessie Jackson to Bessie Jacobson upon the treasurer's rolls. The statute (Rem. Code, § 9254) requires that the holder of a certificate of delinquency shall give notice to the owner of the property described in the certificate that he will apply to the superior court for judgment foreclosing the lien against the property mentioned. Section 9255, Rem. Code, provides that this summons shall be served in the same manner as summons in a civil action.

While this court has many times held that these tax proceedings are proceedings *in rem,* it is necessary that notice be given as required by statute. In *Carney v. Bigham,* 51 Wash. 452, 99 Pac. 21, 19 L. R. A. (N. S.) 905, we had occasion to construe the provision relied upon by the appellant and hereinabove quoted, and we there said, at page 455:

"This section makes it clear that the person to whom the property is assessed is the only person other than the true owner against whom a valid foreclosure proceeding may be had in the courts, and that the insertion by the treasurer of the name of a person different from that appearing on the assessment rolls as the owner does not authorize the holder of the certificate to foreclose the lien by making such person a party defendant unless he be the true owner. On the contrary, the holder must at his peril foreclose against the person named on the treasurer's rolls as the owner of the property, or he must foreclose against the true owner."

It is a conceded fact that there was a clerical error in transcribing the assessment roll to the treasurer's collection roll. The name of Bessie Jackson was erroneously transcribed as Bessie Jacobson. The treasurer's certificate of delinquency was issued in the name of Bessie Jacobson. The property was assessed upon the assessor's roll from the year 1909 to the year 1914, inclusive, in the name of Bessie Jackson. Bessie Jackson, during all these years, was in possession of the property, either by herself or by her tenant. The appellant, when he purchased the property, knew that it was the property of Bessie Jackson. He was acquainted with her, and the result of the foreclosure was an apparent fraud upon her because she was given no notice of the proceedings. She was entitled, under the statute, to have the property assessed in her name, and the collection made in her name. She was at liberty to rely upon the statute to the effect that notice of some kind would be served upon her, either personally or by publication. This was not done, and she had no actual notice of the foreclosure until after it had resulted in a sale. The effect was in the nature of a fraud upon her, which, we think, invalidated the foreclosure proceedings, and she was, therefore, at liberty to attack the sale upon tendering the taxes and interest and the costs of the foreclosure proceedings.

We are satisfied that the trial court properly set aside the judgment of foreclosure. The judgment is therefore affirmed.

ELLIS, C. J., FULLERTON, and PARKER, JJ., concur.