[No. 13940. Department One. August 22, 1917.]

L. H. CRAVER, *Appellant*, v. EDMUND WEHR, *Respondent*.[1]

DISMISSAL AND NONSUIT—VOLUNTARY—DEFENDANT'S AFFIRMATIVE RELIEF. In an action to foreclose tax liens, a mortgagee, joined as a defendant claiming some interest or lien on the property, may set up a superior title and pray affirmative relief quieting title, thereby preventing the plaintiff from insisting upon a voluntary dismissal of his action.

JUDGMENT—RES JUDICATA—MATTERS CONCLUDED. A judgment setting aside one of six several tax certificates of delinquency upon segregated portions of mortgaged premises, and declaring the mortgage a superior lien, is not *res adjudicata* or a bar to an action to foreclose the remaining five certificates, where the former foreclosure was held bad for want of proper service, and it was not a question of the priority of the mortgage over the tax, but one as to whether the tax proceeding was sufficient to carry the fee.

TAXATION—LIEN—FORECLOSURE — PERSONAL SERVICE — NECESSITY. The foreclosure of a tax delinquency certificate is a proceeding *in rem* which the statute requires to be with notice to the party named in the certificate as owner regardless of his interest at the time of suit; and if he is known to the plaintiff as a resident subject to

¹Reported in 167 Pac. 98.

personal service, service by publication as upon a nonresident is void and cannot be sustained as a proceeding against unknown owners.

SAME — LIEN — FORECLOSURE — PARTIES — RIGHTS OF MORTGAGEE. Where a tax title claimant seeks foreclosure against the owner and a mortgagee, and fails to sustain his proceedings against the owner, he cannot assert the tax title as against the mortgagee claiming through the owner as mortgagor.

Appeal from a judgment of the superior court for King county, Jurey, J., entered March 20, 1916, upon findings in favor of the defendant, in an action to quiet title, tried to the court. Remanded with instructions.

*Louis Henry Legg* and *A. C. MacDonald,* for appellant.
*Peterson & Macbride,* for respondent.

CHADWICK, J.—Respondent owns a mortgage made by George Winston and wife covering a tract of one hundred acres in King county. After the execution of the mortgage, appellant took out six several certificates of delinquency upon segregated portions of the mortgaged tract. Six foreclosure proceedings were had. Appellant became the purchaser at the several sales. On January 6, 1914, the respondent, as mortgagee, began an action against appellant in the superior court of King county alleging that his mortgage was a first lien upon the property described therein. One of the six several certificates of delinquency was described in the complaint and its foreclosure alleged to be void. A tender of the amount due was made. The prayer of the complaint was that the sale be set aside and that the mortgage be decreed to be a prior first lien. A judgment in favor of respondent in that action was affirmed by this court. *Wehr v. Craver,* 87 Wash. 214, 151 Pac. 502.

Appellant began this action on February 25, 1914, setting up the five tax titles that were not described in the above mentioned action, and alleging that the respondent claimed some interest or estate in the property described therein, but that such claim was without right and asked to be ad-

judged the owner thereof in fee simple, free from any claim
of lien on the part of respondent. Respondent answered,
denying the validity of each of the tax sales, and plead five
separate defenses, to the first and fifth of which demurrers
were sustained.

The second affirmative defense set up the case of *Wehr v.
Craver*, hereinbefore described, and that the judgment in
that case establishing the priority of respondent's mort-
gage was *res adjudicata* of the rights of the parties. As
a third affirmative defense, respondent alleged that the case
of *Wehr v. Craver* had likewise established the invalidity
of the attempted service in the several tax foreclosure pro-
ceedings and was *res adjudicata* of that fact. As a fourth
affirmative defense, respondent alleged that, at the time of
the several foreclosure proceedings, appellant knew that
George Winston was not the actual owner of any of the
property described in the complaint; that appellant knew
the name and residence of the owner; that the foreclosure pro-
ceedings were maintained upon the fraudulent allegations
of the nonresidence of Winston and in fraud of Winston's
rights, in that appellant knew that Winston was an actual
resident of Seattle. Respondent prayed that the court decree
his mortgage to be a valid first lien upon the property de-
scribed therein and that appellant be forever enjoined from
asserting any title or interest thereto, for his costs and for
general relief.

When the case was called for trial, appellant moved for
an order of dismissal, contending that respondent had neither
asked for nor was he entitled to any relief. This motion was
denied and the ruling of the court is assigned as error. We
think the order of the court was proper. Appellant's com-
plaint charging a claim of lien, title or interest was in effect
an invitation to the respondent to come in and set up his in-
terest. This respondent has done, and having asserted the
superiority of his interest and prayed for injunctive and gen-
eral relief, appellant should not be permitted to destroy re-

spondent's cause of action by voluntarily dismissing his own.

The trial judge based his judgment entirely upon the findings that the judgment in the case of *Wehr v. Craver* was *res adjudicata* of the rights of appellant in each of the several tax deeds. It is true that respondent set up his mortgage describing the entire property, but he selected only one of the several proceedings for his attack. We are convinced that the former proceeding was not *res adjudicata* of appellant's right to maintain an action upon the remaining tax deeds. This court has but recently reasserted the rule in cases where estoppel by record is relied upon.

"The rule as generally stated is that a judgment is conclusive as to all matters of defense which might and should have been presented in that action. But this rule bars only those facts which negative or are inconsistent with the facts which sustain the former judgment. When the facts relied upon in the subsequent action are neither inconsistent with nor in direct opposition to the facts involved in the former suit, but are facts which may be equally true with the former facts, then there is no bar. 2 Black, Judgments, § 767." *Munson v. Baldwin*, 93 Wash. 36, 159 Pac. 1070.

It is quite clear to us that appellant is not barred from asserting such title as he may have under the five remaining tax deeds. In the proceeding selected by respondent, the court held the service to be bad, but it does not follow that any one or all of the remaining proceedings were void for the same reason. Each proceeding is to be sustained or rejected upon its own record, and not by the record made in any other case.

But it does not follow that the judgment of the court should be reversed. As in the former case, it is not a question of priority between a mortgage lien and the tax deeds. A mortgage may be prior in time to a tax foreclosure and yet be cut off if the tax proceeding is valid. The fact that the mortgage was executed and is a lien upon the property being established, the one question to be determined is whether the tax proceedings now submitted to the court are sufficient to carry the fee to the purchaser. In two of the tax certificates

the "Bank of B. C." and George Winston are described as the owners, and in the other three George Winston is described as the owner. Plaintiff maintained his suit in each case against the party or parties described in the certificate of delinquency. Service was had by publication upon the affidavit of Mr. MacDonald, the attorney for the appellant, that he had made diligent search and inquiry to ascertain the whereabouts of the parties defendant and their respective addresses, and that they were unknown to him and that he believed that defendants were nonresidents of King county or the state of Washington and could not be found therein; that an original notice and summons had been placed in the hands of the sheriff of King county and that the sheriff had made the customary return of "Not Found." We find no such return by the sheriff or any of his deputies.

It sufficiently appears that, at the time of the service by publication, appellant and his attorney knew of the defendant George Winston (the attorney who made the affidavit says he had known him for several months) and his place of business in Seattle. With evident intent to cure the record, the attorney in the tax foreclosure proceedings, after the judgments had been entered and without notice, filed affidavits alleging personal service upon George Winston. Mr. MacDonald also testified to the same effect in this case. It is unnecessary to discuss the question of service further, as, from the whole record, we believe the testimony preponderates that no such personal service was made.

Counsel for appellant contends that, at the time of the foreclosure proceedings, George Winston had no interest in the property, was not a necessary defendant, and that the judgment was good because the summons and notice was addressed to "unknown owners." This position is not tenable. A tax foreclosure proceeding is a proceeding *in rem*. The statute makes it incumbent upon the holder of a certificate of delinquency to proceed against the party named in the

certificate. It makes no difference whether such person is the owner of the land or not. A proceeding against the land, with notice to the one named in the certificate and regular upon its face, has been held to sustain a tax title. *Allen v. Peterson*, 38 Wash. 599, 80 Pac. 849; *Sparks v. Standard Lumber Co.*, 92 Wash. 584, 159 Pac. 812. We have also held that, if the holder of a certificate of delinquency actually knew that the party named in the certificate was a resident of the state and subject to personal service, a summons by publication works a fraud and that the tax deed will be set aside. *Wehr v. Craver, supra.*

That a tax title claimant who actually knows that a mistake has been made in the name of the party described in the certificate of delinquency cannot avail himself of the statute allowing a foreclosure against the party named in the certificate, and that such proceedings will be set aside as a fraud upon the injured party, was held in *Jackson v. Bateman*, 96 Wash. 329, 165 Pac. 63.

Also where the land had been assessed to an unknown owner and the true owner was known to the holder of the certificate and was actually living upon the land and no personal service was attempted when it might have been made, it was held to be a fraud on the rights of the property owner to resort to a service by publication. *Pyatt v. Hegquist*, 45 Wash. 504, 88 Pac. 933.

The contention that Winston was not the owner of the land and not a necessary party, in any event will not avail appellant upon this appeal. He combated all efforts of counsel in the court below to prove the state of the title at the time the certificates were foreclosed. He asserted repeatedly that he depended entirely upon his tax titles. As we have rejected the testimony regarding a personal service, the record is in keeping with the record in *Wehr v. Craver*, and, upon the authority of that case, ought to be affirmed.

There is no merit in the contention of appellant that, inasmuch as the notice was addressed to "unknown owners,"

his record is good. It is only where the certificates are issued against an unknown owner that the party may avail himself of a publication without attempting personal service or making a showing sufficient to sustain substituted service.

Both parties in this case claim through the title and ownership of George Winston. Appellant holds his title by mesne conveyances and has tried his case upon the theory of Winston's ownership. Respondent depends upon a mortgage executed by Winston. No interest or ownership in the Bank of B. C. is disclosed by the record. As appellant has failed to sustain his proceedings against George Winston, he cannot; as against the interest of respondent, assert his tax titles.

The case will be remanded with instructions to determine the amount due upon the certificates of delinquency. Respondent will be given thirty days after the remittitur goes down to make good his tender of the amount of taxes, interest and costs due upon the several tracts. Respondent will recover his costs here.

ELLIS, C. J., MORRIS, MAIN, and WEBSTER, JJ., concur.