[No. 25225. Department One. December 28, 1934.]

FELIX DUBOIS, *Appellant,* v. WESTERN STATES INVESTMENT CORPORATION, *Respondent.*[1]

[1]Reported in 39 P. (2d) 372.

*S. A. Gagliardi,* for appellant.

*Louis J. Muscek,* for respondent.

BEALS, C. J.—For some time prior to April 29, 1930, Tony Ross and Mary, his wife, were the owners of an acre of land, upon which was situated a five-room dwelling, in the town of Milton, Pierce county, Washington. On the date above mentioned, Mr. and Mrs. Ross mortgaged the land to Felix Dubois, the plaintiff in this action, to secure payment of a promissory note for four hundred fifty dollars, due in two years.

In April, 1931, Tony Ross died. May 15 following, his will was admitted to probate, and the appointment of his widow as executrix thereof was confirmed. The estate consisted of the land above mentioned and household furniture of small value, all of which property was, on the widow's application, awarded to her under the statute in lieu of homestead. Mrs. Ross occupied the property until March, 1933.

The defendant in this action, Western States Investment Corporation, a corporation, being the owner of two local improvement bonds of the town of Milton, issued in connection with an improvement for which the property owned by Mr. and Mrs. Ross had been

assessed in the sum of $26.85, which assessment had never been paid, brought suit May 22, 1931, against Tony and Mary Ross and the plaintiff in this cause, Felix Dubois, seeking to foreclose the lien of its bonds upon the Ross property. Mr. Ross had died and his will had been admitted to probate prior to the institution of this action.

Upon the filing of an affidavit to the effect that Tony Ross and Mary Ross, his wife, were non-residents of Pierce county, and upon the filing of a return of "not found" by the sheriff of Pierce county as against them, a summons directed to Mr. and Mrs. Ross was published. The plaintiff in the action under discussion, defendant herein, also filed in that cause the affidavit of H. W. Sipe, in which the affiant deposed that he served the summons and complaint upon Felix Dubois, the plaintiff in this action, by delivering copies thereof to Mr. Dubois, personally, in Pierce county, Washington. No appearance having been entered in the action, judgment was rendered by default, establishing this defendant's local improvement bonds as a lien upon the Ross property for the sum of $27.82 and foreclosing the lien.

Thereafter, execution on the judgment was issued and levied, and the property sold to this defendant for $27.82 and costs of suit. The sale was later confirmed, and the property not being redeemed, in November, 1932, a sheriff's deed issued conveying the property to this defendant. Negotiations between the plaintiff herein and Mary Ross during the month of January, 1933, led to an investigation of the title, and revealed the foreclosure proceedings and the issuance of the sheriff's deed to this defendant.

Thereafter, Mr. Dubois instituted this action seeking to set aside the sheriff's deed and praying for leave to redeem the property from the assessment lien. In

his complaint, plaintiff alleged many of the facts here-
inabove set forth, and in addition stated that no service
of summons had ever been made upon him in the action
brought to foreclose the local improvement bonds, and
that the affidavit showing such service was false and
untrue. Plaintiff alleged his willingness to pay the
assessment against the property, together with in-
terest, etc., and also that the property was worth many
times the amount of the assessment lien. The action
was tried to the court, which found that Mr. Dubois
had failed to successfully maintain the burden which
rested upon him to show that Mr. Sipe's affidavit by
way of return of service of the summons and com-
plaint, showing service thereof upon Mr. Dubois, was
untrue. The court thereupon entered judgment dis-
missing this action, from which plaintiff appeals.

Appellant complains of the finding of the trial court
to the effect that Mr. Dubois was personally served
with summons and complaint in the action brought
by respondent for the foreclosure of its bond lien, also
contending that the judgment entered in that action
was void because Tony Ross had died prior to the in-
stitution thereof. Appellant also argues that the
amount for which the property was sold was so grossly
inadequate as compared to its value as to raise a pre-
sumption of fraud, as matter of law, and to entitle him
to prevail herein, particularly in view of appellant's
willingness to pay the amount due on the original as-
sessment against the land, together with interest and
costs.

It appears from the evidence that appellant, at the
time of the trial, was seventy years of age, and had
resided in the city of Tacoma for over forty years;
and that, for more than thirty-five years, he had been
engaged in the business of loaning money, often on
real estate security. Strangely enough, appellant is,

as his counsel says, illiterate, he having relied upon Mr. Horace Fogg to advise him concerning his business, the keeping of his accounts, etc.

Appellant testified positively that he did not know Mr. Sipe; that no summons or complaint in respondent's action against appellant had ever been served upon him; and that he knew nothing of respondent's claim until February, 1933. Mr. Fogg testified that no summons and complaint had ever been delivered to him by or for appellant. The president of respondent company testified that H. W. Sipe was in the employ of respondent for approximately three years prior to his death, which occurred March 25, 1933, prior to the trial of this action. His duties were to collect accounts, serve process, and act as general utility man outside of respondent's office, using an automobile in connection with his duties. Mr. Sipe made a daily report of all his acts, his account of his proceedings for May 28, 1931, showing that, at ten o'clock in the forenoon, he delivered the summons in question to appellant at 4535 South M street, Tacoma, and that, fifty-five minutes later, he served the same summons upon Elmer and Anna Hopkins at Milton.

Appellant does not contend that the affidavit made by Mr. Sipe by way of return of service is other than regular in form and substance.

▇ It is undoubtedly the law, as conceded by appellant, that such a return of service as that made by Mr. Sipe is presumptively correct. It is equally true that this presumption is not conclusive, and that, upon direct attack, the return may be shown to be false. 50 C. J. 581, § 307. Mr. Sipe having died prior to the trial, we have here simply his return of service and the entry in his report, and on the other hand appellant's testimony that no such summons was ever served upon him.

Appellant argues that it should be held that Mr. Sipe must have served the summons upon some person other than appellant, believing in good faith that he was serving the summons upon the proper party. Appellant resided at the address at which Mr. Sipe's return stated appellant was served. The trial court had the benefit of hearing appellant's testimony, and having concluded that appellant had not sustained the burden resting upon him to overthrow the presumption of verity which attaches to the return of service, we are unable to hold that the findings of the trial court to the effect that service was actually made upon appellant were erroneous.

Appellant vigorously assails the judgment in the action foreclosing respondent's lien, because when it was rendered, and indeed when the action was instituted, Tony Ross, named as defendant therein, was dead, and his estate in process of probate; and for the further reason that Mary Ross, who was also a defendant in that action, was served by publication as a non-resident, when, as a matter of fact, she was at all times a resident of Pierce county and was residing on the property against which it was sought to foreclose the lien.

In this connection, it should be noted, in passing, that respondent obtained from Mary Ross a quitclaim deed to the property in question, dated March 28, 1933. Respondent did not rely upon this deed to defeat appellant's claim in this action, and we are unable to see why the fact that it procured such a conveyance is relevant to its defense in this action based upon its sheriff's deed issued pursuant to proceedings in the former action to which this appellant was a party defendant.

Assuming that Mrs. Ross could have successfully attacked respondent's judgment, the question here to

be determined is: Can appellant so attack it, he having been properly served personally with process and having made default?

In the first place, it is, of course, true that a tax foreclosure proceeding partakes of the nature of an action *in rem*. *Sparks v. Standard Lumber Co.*, 92 Wash. 584, 159 Pac. 812. In that case, it is to be noted that the court assumed, as a matter of course, that a mortgagee has a sufficient interest in the property to entitle him to maintain a suit in equity to clear the title in aid of his mortgage. While this assumption was not necessary to the decision rendered, it carries some weight as apparently stating a conceded principle. A tax foreclosure was held good, the record owner *named in the certificate* having been made a party and regularly served, although the record owner of property *at the time of the foreclosure,* who was, in fact, a resident of the state, was served only by publication.

This court has several times held that the foreclosure of a tax certificate is void in cases where the necessary party was a resident of the county and service of summons was made only by publication, no attempt having been made to find or serve the defendant. *Olson v. Johns,* 56 Wash. 12, 104 Pac. 1116; *Wehr v. Craver,* 87 Wash. 214, 151 Pac. 502.

In the case of *Sparks v. Standard Lumber Co., supra,* it was held that the only necessary party defendant to a tax foreclosure was the record owner named in the certificate of delinquency, and that the naming of the record owner of the property at the time of the institution of the foreclosure proceedings as an additional party defendant did not have the result of making such additional defendant a necessary party; and that, consequently, the judgment fore-

closing the tax lien was valid, even though the service upon the later owner was defective.

While respondent's action to establish its lien was not a statutory tax foreclosure proceeding, it would seem that it is, in its nature, practically the same, being based upon statute, its purpose being to establish and enforce an assessment lien; and that, in such an action, the owner of the property at the time of the institution thereof should be held to be a necessary party defendant, and that proper service of process on such party is requisite in order to vest the court with jurisdiction to enter a valid judgment.

As Mary Ross was a resident of Pierce county and residing on the property in suit, being in full possession thereof, it was necessary that, in order to vest the superior court with jurisdiction to proceed, personal service be had upon her. Appellant had nothing more than a lien upon the property, and service of process upon him could not render valid the judgment which was entered, in view of the failure to serve Mrs. Ross.

In the case of *Craver v. Wehr*, 98 Wash. 56, 167 Pac. 98, the plaintiff, as grantee of tax deeds, sued the defendant, a mortgagee, to quiet title. The defendant answered, denying the validity of the tax sales and alleging the validity of his mortgage lien. This court held that the tax foreclosures were void because of failure to personally serve the record owner named in the tax certificates, who was a resident of the county in which the tax foreclosures were brought. This court, while approving its prior decisions to the effect that, "A proceeding against the land, with notice to the one named in the certificate and regular upon its face, has been held to sustain a tax title," citing *Allen v. Peterson*, 38 Wash. 599, 80 Pac. 849, and *Sparks v. Standard Lumber Co., supra*, called at-

tention to the limitations upon this rule recognized in the cases of *Wehr v. Craver*, 87 Wash. 214, 151 Pac. 502; *Jackson v. Bateman*, 96 Wash. 329, 165 Pac. 63, and *Pyatt v. Hegquist*, 45 Wash. 504, 88 Pac. 933. It was held that the judgments in the tax foreclosure proceedings were void, and that the mortgagee had the right to redeem from the certificates of delinquency upon which the tax deeds were based.

In the case of *Missouri Real Estate & Loan Co. v. Gibson*, 282 Mo. 75, 220 S. W. 675, it was held that an action to enforce the lien of a special assessment was in the nature of a proceeding *in rem*, but that the court was without jurisdiction to proceed if no one having any right, title, interest or estate in the land sought to be charged with the lien was named as a party defendant. A mortgagee was named as a party defendant and served with process. The owner of the fee had died prior to the institution of the action. It was held that, as no person owning any title to the land, as distinguished from a mere lienor, was a party defendant to the action, the court never obtained jurisdiction to proceed to trial.

In the case at bar, Mary Ross was named as a party defendant, but under the circumstances disclosed by the record, it must be held that the attempted service of process upon her by publication was void, and the case cited is authority for the proposition that service of summons upon appellant was insufficient to vest the court with jurisdiction to render judgment establishing respondent's bonds as a lien.

If the judgment in respondent's action be considered as against Tony Ross, it was void because he was dead before the action was instituted. Considered as a judgment against Mary Ross, it is void because she was a resident of Pierce county, living on the property against which the lien was sought to be foreclosed, and

was not served personally with process. Appellant, as the owner of a mere lien on the property, was a proper party to respondent's action, but the court could not obtain jurisdiction of the subject matter of the action by service of process upon appellant without service being also had upon Mary Ross.

Appellant, as the owner of a mortgage against the property, may maintain this action for the purpose of protecting his lien and obtaining the right to pay the assessment. Appellant has tendered to respondent and offered to pay for its benefit all sums due respondent as owner of the bonds and the consequent lien thereof against the property subject to appellant's mortgage.

The judgment in respondent's action having been entered without jurisdiction because of lack of service of process upon Mary Ross, upon the record before us, the trial court erred in refusing to set that judgment aside and allow appellant to protect his lien by redeeming the property from respondent's claim against the same under its bonds.

The judgment appealed from is reversed, with instructions to proceed in accordance with this opinion.

TOLMAN, MAIN, MILLARD, and GERAGHTY, JJ., concur.