[No. 10223–1–I.   Division One.   August 1, 1983.]

HARVEY LEE, *Appellant,* v. WESTERN PROCESSING
COMPANY, INC., *Respondent.*

*Craig F. Schauermann,* for appellant.

*Peter A. Danelo,* for respondent.

SCHOLFIELD, J.—Harvey Lee (Lee) appeals an order granting a motion to vacate a default judgment he obtained against Western Processing Company, Inc. (Western). We affirm.

On December 20, 1978, Lee's finger was injured while he

was attempting to load a trailer owned by Western onto a truck–tractor he operated for his employer. On August 17, 1979, Lee's attorney sent a letter to Western's president, Garmt Nieuwenhuis, referring to an enclosed complaint and advising him that Lee would serve and file the complaint if a settlement of his claim was not arranged.

Upon receipt of the letter, Nieuwenhuis, who had personally investigated Lee's accident and believed his company was not responsible, made three telephone calls. He called Western's attorney, its insurance agent to check on insurance coverage for the incident, and he also called and discussed the matter with Lee's employer. In response to Nieuwenhuis' telephone call, Western's attorney wrote a letter to Lee's counsel denying liability, refusing settlement negotiations, and stating, "Please direct all further correspondence on this matter, except process, to the undersigned." The letter also stated that if Lee brought suit, Western would counterclaim for malicious prosecution.

Without further correspondence, Lee filed a complaint for damages against Western on September 24, 1979. The complaint was dated September 18, 1979, and attached was a summons dated August 17, 1979. Lee relies upon a receipt of service dated September 17, 1979, bearing the signature of Garmt Nieuwenhuis, along with the affidavit of the process server, R. Hanshaw, asserting that Western was served on that date as proof the summons and complaint were served. A copy of the summons was not attached to the affidavit of service, as required by CR 4(g)(2).[1]

Western made no appearance, and Lee obtained a default judgment on December 27, 1979, in the sum of $21,236.25.

Western asserts it had no knowledge of a pending lawsuit or that a default judgment had been taken until January 19, 1981, when Lee caused a writ of garnishment to be

---

[1]CR 4(g) provides as follows:

"(g) **Return of Service.** Proof of service shall be as follows:

". . .

"(2) If served by any other person, his affidavit of service endorsed upon or attached to the summons; . . ."

issued against Western's bank account. On February 10, 1981, Western brought a motion to vacate the default judgment under CR 60(b)(4) and (5).[2]

Nieuwenhuis acknowledged that his signature was on the receipt relied upon by Lee as proof of service. However, Western supported its motion to vacate the default judgment with affidavits of all Western's office employees, who denied they had ever been served with the summons and complaint.

The trial judge held that the default judgment was void under CR 60(b)(5) because the summons and complaint were not properly served and granted Western's motion to vacate.

The law favors determination of controversies on their merits and, consequently, default judgments are disfavored. *Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 581, 599 P.2d 1289 (1979). A proceeding to vacate a default judgment is equitable in character, and relief is to be afforded in accordance with equitable principles. The court should exercise its authority to the end that substantial rights be preserved and justice done between the parties. *White v. Holm*, 73 Wn.2d 348, 438 P.2d 581 (1968).

CR 60(b)(1) allows the court to relieve a party from a final judgment for "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order". A motion to vacate a default judgment under CR 60(b)(1) must be brought within 1 year after the judgment was entered. The default judgment in this case was obtained on December 27, 1979. Lee waited for the 1–year period to elapse before obtaining a writ of garnishment on

---

[2]CR 60(b), as pertinent here, states:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

" . . .

"(4) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

"(5) The judgment is void;"

January 19, 1981, thus denying Western the opportunity to base its motion on CR 60(b)(1).[3]

CR 60(b)(5) permits vacation of a judgment which is void. The primary issue presented by this appeal is whether the record supports the trial judge's finding that Western was not properly served with the summons and complaint.

■■ Proper service of the summons and complaint was necessary to invoke the court's jurisdiction over Western. RCW 4.28.020, .080; CR 4; *Interior Warehouse Co. v. Hays,* 91 Wash. 507, 158 P. 99 (1916). A judgment entered without jurisdiction over the parties is void. *Bergren v. Adams Cy.,* 8 Wn. App. 853, 509 P.2d 661 (1973). An affidavit of service, regular in form and substance, is presumptively correct. The return, however, is subject to attack and may be discredited by competent evidence. *Dubois v. Western States Inv. Corp.,* 180 Wash. 259, 39 P.2d 372 (1934); *John Hancock Mut. Life Ins. Co. v. Gooley,* 196 Wash. 357, 83 P.2d 221, 118 A.L.R. 1484 (1938).

The record establishes that the only three individuals who could have received service of the summons and complaint filed affidavits asserting they were not personally served. The trial judge could find these affidavits persuasive, considering Nieuwenhuis' reaction when he received the demand letter from Lee's attorney. His actions on that occasion demonstrated concern about Lee's claim. It could be inferred that any receipt of service of the summons and complaint would have produced a similar reaction.

Discrepancies in the dates on the documents would also create doubt as to whether the summons and complaint were properly served. The complaint was signed by Lee's attorney on September 18, but Hanshaw's affidavit of service asserted the complaint was served on September 17. Additionally, the affidavit of service was not endorsed upon

---

[3]This appears to be another case where plaintiff's counsel, knowing the identity of defendant's counsel, could have avoided a great deal of delay and expense by a courtesy telephone call advising defendant's counsel of his belief that service of the summons and complaint had been made on his client.

470

or attached to the summons as required by CR 4(g)(2). The evidence created a substantial basis for the trial court's finding, and it is therefore sustained.

Lee also contends that where a return of service contains defects or irregularities, the remedy is to amend the return rather than to declare the judgment void. *See Williams v. Steamship Mut. Underwriting Ass'n,* 45 Wn.2d 209, 273 P.2d 803 (1954). The record does not show Lee raised this question before the trial court and, therefore, it will not be considered on appeal. *Seattle–First Nat'l Bank v. Shoreline Concrete Co.,* 91 Wn.2d 230, 588 P.2d 1308 (1978).

The order is affirmed.

ANDERSEN, C.J., and SWANSON, J., concur.