75 P.3d 975 (2003)
118 Wash.App. 212
John E. DIEHL, Appellant,
v.
WESTERN WASHINGTON GROWTH MANAGEMENT HEARINGS BOARD, and agency of the State of Washington; and Mason County, a Municipal Corporation, Respondents.
No. 29101-1-II.
Court of Appeals of Washington, Division 2.
September 2, 2003.
*976 John E. Diehl, Pro se.
Sharon Sullivan Eckholm, Assistant Attorney General, Washington Attorney General/Lic & Emp, Olympia, for respondent Western Washington Growth Management Hearings Board.
Darren John Nienaber, Mason County Pros Attorney, Shelton, for Respondent Mason County.
SEINFELD, J.
John E. Diehl appeals the dismissal of his appeal from a decision of the Western Washington Growth Management Hearings Board. The Mason County Superior Court ruled that Diehl failed to comply with the service of process requirements in CR 4. We conclude that (1) CR 4 applies; (2) the County did not waive its challenge to service of process; and (3) substantial compliance is not applicable to Administrative Procedure Act (APA) service of process requirements. Thus, we affirm.

FACTS
Diehl and others petitioned the Board for an order requiring Mason County to comply with the Growth Management Act (GMA). The Board apparently ruled that the county's comprehensive plan and development regulations complied with GMA goals and requirements relating to rural lands.
Diehl filed a petition for review of the Board's decision with the superior court. The last page included a "CERTIFICATE OF SERVICE" that stated: "I certify that on April 30, 2000, I mailed by First Class Mail, postage prepaid, or personally delivered a copy of this PETITION FOR JUDICIAL REVIEW to all parties or their attorneys." Amended Clerk's Papers (ACP) at 59. But the Certificate of Service was not a sworn affidavit or its equivalent and did not name those who Diehl served or state the place of service.[1]
The Board and Mason County (collectively "County") did not challenge the sufficiency of Diehl's service of process in its responsive pleading. But when the County later made this challenge, the superior court ruled that (1) RCW 34.05.542 and CR 4 both governed service of Diehl's petition; (2) Diehl's certificate of service did not comply with CR 4(c) or (g); and (3) it would dismiss the Petition for Review for failure of service unless Diehl provided "a declaration in the proper form pursuant to CR 4(c) and 4(g)." ACP at 18.
*977 Diehl then wrote to the court that he had personally served the Board, the superior court, and the county prosecutor's office, and that he had served the other parties by mail, apparently at the addresses he included in his petition. But his letter was also not a sworn affidavit or its equivalent and did not indicate where he served the Board, the superior court, or the county prosecutor's office. The trial court concluded that this was insufficient compliance with service requirements and dismissed Diehl's petition.
Diehl moved for reconsideration, arguing that CR 4 does not apply to his petition and that the County's objection to service of process was untimely under CR 12(h). The trial court denied his motion.
Diehl now appeals the trial court's decision, arguing that (1) CR 4 does not apply; (2) by failing to timely object, the County waived any challenge to service of process; and (3) alternatively, he substantially complied with applicable service requirements.

DISCUSSION
I. Service of Process and Proof of Service
CR 4(c) requires that service be by a person "other than a party," and CR 4(g) requires proof of service in person or by mail by affidavit of the person performing service, stating "the time, place, and manner of service." CR 4(g)(2), (4), (7). Diehl, a party, did not comply with these requirements because he personally served the Board, the superior court, and the county prosecutor's office, and his proof of service did not indicate where he served those parties and was not in affidavit form, or the equivalent.[2] Diehl contends that these deficiencies are irrelevant because the requirements in CR 4(c) and (g) do not apply to an appeal from the Board to Superior Court.
A. Ancillary Procedural Matters
Diehl contends that the only service requirements that apply are those in RCW 34.05, the APA, and that he complied with those requirements.
When reviewing a decision of the Western Washington Growth Management Hearings Board, we apply the APA's standards. Thurston County v. Cooper Point Ass'n, 148 Wash.2d 1, 7, 57 P.3d 1156 (2002). As Diehl notes, generally the civil rules apply when the superior court exercises its general original jurisdiction, not when it is hearing an appeal from an agency's determination under its limited appellate jurisdiction. King County v. Cent. Puget Sound Growth Mgmt. Hearings Bd., 91 Wash.App. 1, 16, 951 P.2d 1151 (1998); Vasquez v. Dep't of Labor & Indus., 44 Wash.App. 379, 383, 386-88, 722 P.2d 854 (1986); Reeves v. Dep't of Gen, Admin., 35 Wash.App. 533, 537, 667 P.2d 1133 (1983). But the APA provides that court rules not inconsistent with the APA govern "ancillary procedural matters before the reviewing court." RCW 34.05.510(2)[3] (emphasis added). Because, as we discuss below, proof of service is an "ancillary procedural matter[ ]" that is not inconsistent with the APA, CR 4(g)'s proof of service requirements applied to Diehl's petition. RCW 34.05.510(2).
"Ancillary," as used in RCW 34.05.510(2), means "[a]iding; attendant upon; describing a proceeding attendant upon or which aids another proceeding considered as principal. Auxiliary or subordinate." King County v. Cent. Puget Sound *978 Growth Mgmt. Hearings Bd., 138 Wash.2d 161, 178 n. 6, 979 P.2d 374 (1999) (quoting BLACK'S LAW DICTIONARY 85 (6th ed.1990)).
Service of process, like any other factual contention, must be proven with relevant and competent evidence, in accordance with the requirements of CR 4(g). ER 401; ER 602. Based on this evidence, the court must determine as a preliminary matter whether there was proper service and, thus, whether it has jurisdiction to resolve the case. Because this evidence of proof of service does not tend to prove a substantive issue in the principal dispute before the court, it fits with the APA definition of "ancillary" matter.
B. Consistency between the APA and CR 4
Diehl has failed to show that the requirements in CR 4(g) are inconsistent with, as opposed to supplementary to, the APA.
The APA requires a party petitioning for review of an agency action merely to serve "the agency, the office of the attorney general, and all parties of record within thirty days after service of the final order." RCW 34.05.542(2). The APA defines "[s]ervice" as "posting in the United States mail, properly addressed, postage prepaid, or personal service." RCW 34.05.010(19). And RCW 34.05.542(6) explains that service upon a party's attorney of record constitutes service upon the party. But the APA is silent as to what constitutes sufficient proof of compliance with these requirements.
Thus, CR 4(g) fills a statutory gap by explaining what evidence the petitioner must present to prove compliance with the APA's service requirements. It requires an affidavit of the person performing service, and, for service other than by publication, the affidavit must state where service was performed. CR 4(g)(2), (4), (7).
C. Proof of Service
When reviewing an administrative decision, the superior court acts in its limited appellate capacity. Union Bay Pres. Coalition v. Cosmos Dev. & Admin. Corp., 127 Wash.2d 614, 617, 902 P.2d 1247 (1995). To invoke appellate jurisdiction, Diehl must have met all statutory procedural requirements, including those related to service of process. Skagit Surveyors and Eng'r, LLC v. Friends of Skagit County, 135 Wash.2d 542, 555, 958 P.2d 962 (1998). And the APA required Diehl to set forth "[f]acts to demonstrate that [he was] entitled to obtain judicial review." RCW 34.05.546(6). Thus, Diehl had the burden of proving that he complied with the APA's service requirements.
"An affidavit of service, regular in form and substance, is presumptively correct." Lee v. Western Processing Co., Inc., 35 Wash.App. 466, 469, 667 P.2d 638 (1983). But here Diehl never triggered this presumption. He failed to provide a sworn affidavit or a statement declared to be true under penalty of perjury, thus violating CR 4(g)(2), (4). And his proof of service did not indicate where he served each party, thus violating CR 4(g)(7).[4] Although the trial court gave Diehl an opportunity to cure this defect, he failed to do so; instead, he merely submitted a letter to the court that suffered from the same deficiencies.
CR 4(g)(7) states that "[f]ailure to make proof of service does not affect the validity of the service." Thus, Diehl's failure to comply with CR 4(g) was not fatal if he nonetheless established that he complied with the APA's service requirements. But Diehl failed to do so.
*979 First, because neither Diehl's certificate nor his letter to the court were in affidavit form or the equivalent, they were not competent evidence. ER 603. Second, Diehl failed to show that he properly served the Board or the county because he did not state where he served them. The APA provides that "[s]ervice of the petition on the agency shall be by delivery of a copy of the petition to the office of the director, or other chief administrative officer or chairperson of the agency, at the principal office of the agency." RCW 34.05.542(4). And under RCW 4.28.080, service on a county requires delivery of the summons or petition to the county auditor or deputy auditor or, for charter counties, to the county's agent. And third, the APA requires service on the office of the attorney general. RCW 34.05.542(2). And neither Diehl's certificate nor his letter to the court indicate that he served that office.
Because Diehl failed to prove compliance with the APA's service requirements, the superior court could not rule that he met the statutory procedural requirements necessary to invoke appellate jurisdiction. Thus, it properly dismissed his petition.[5]
II. Waiver
Diehl also argues that under CR 12(h), the County waived any claim of improper service by failing to raise the issue in its responsive pleading. But the petitioner must meet all statutory procedural requirements to invoke the superior court's appellate jurisdiction to review an agency action; absent proper service, the superior court lacked subject matter jurisdiction. See Ricketts v. Washington State Bd. of Accountancy, 111 Wash.App. 113, 118, 43 P.3d 548 (2002); see also Skagit Surveyors, 135 Wash.2d at 555, 958 P.2d 962.
A party can raise the defense of lack of subject matter jurisdiction at any time. CR 12(h)(3); RAP 2.5(a)(1). Consequently, the County did not waive its claim of improper service.
III. Substantial Compliance
Finally, Diehl contends, citing In re Saltis, 94 Wash.2d 889, 621 P.2d 716 (1980), that he substantially complied with service requirements and that this should be sufficient. Saltis involved review of a decision of the Board of Industrial Insurance Appeals under RCW 51.52.110. In re Saltis, 94 Wash.2d 889, 621 P.2d 716. The Saltis court held that because the notice was served in a matter reasonably calculated to give notice to the agency director, it was sufficient. In re Saltis, 94 Wash.2d at 889, 621 P.2d 716.
But "substantial compliance with the service requirements of the APA is not sufficient to invoke the appellate, or subject matter, jurisdiction of the superior court." Skagit Surveyors, 135 Wash.2d at 556, 958 P.2d 962. Further, because of the inadequacy of Diehl's proof of service, we cannot determine whether the doctrine of substantial compliance should apply where the service itself did not meet all procedural requirements but it did provide actual notice to all parties. Thus, this argument must fail.
Affirmed.
We concur: HOUGHTON, J. and HUNT, C.J.
NOTES
[1] The beginning of Diehl's petition did contain a list of the parties and their addresses.
[2] Blacks Law Dictionary (7th ed. 1999) defines "affidavit" as "[a] voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." (emphasis added). An unsworn written statement is acceptable only if it "[r]ecites that it is certified or declared by the person to be true under penalty of perjury." RCW 9A.72.085. Diehl's certificate of service was not sworn or declared to be true under penalty of perjury. And when the trial court gave Diehl an opportunity to cure this defect, he submitted a letter to the court that suffered from the same deficiency.
[3] RCW 34.05.510 provides:

This chapter establishes the exclusive means of judicial review of agency action, except:
. . . .
(2) Ancillary procedural matters before the reviewing court, including intervention, class actions, consolidation, joinder, severance, transfer, protective orders, and other relief from disclosure of privileged or confidential material, are governed, to the extent not inconsistent with this chapter, by court rule.
[4] The court in King County suggested that it would be more appropriate to fill the gaps in the APA with the proof of service provisions in the Rules of Appellate Procedure (RAP) rather than with those in the Civil Rules. 91 Wash.App. 1, 18-19, 951 P.2d 1151 (1998). RAP 18.5(b) requires that proof of service be made by affidavit or as provided in CR 5(b), which also requires an affidavit or certificate of an attorney if service was performed by mail. And RAP 5.4(b) provides that "[f]ailure to serve a party with notice or file proof of service does not prejudice the rights of the party seeking review, but may subject the party to a motion by the clerk of the appellate court to dismiss the appeal if not cured in a timely manner." But Diehl's proof of service was insufficient to satisfy either the CR or RAP requirements because it was not in affidavit form, and he had the opportunity to cure but did not do so. Thus, even if we were to apply the RAPs, which neither party argues, Diehl's argument would fail.
[5] CR 4(c) requires that service be by a person "other than a party"; the APA merely states that service may be performed by "posting [service] in the United States mail, properly addressed, postage prepaid, or personal service." RCW 34.05.010(19). Because Diehl personally served the Board, the superior court, and the prosecutor's office, he did not comply with CR 4(c) but he arguably did comply with the APA. But because there are other fatal deficiencies in Diehl's proof of service, we need not determine whether CR 4(c) is inconsistent with the APA, or decide which rule controls this aspect of service.