IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

EGP INVESTMENTS, LLC, a             )
Washington limited liability company, )    No. 69535-5-I
                                    )
            Appellant,              )    DIVISION ONE
                                    )
      v.                            )
                                    )
ERIC A. ANDREWS, Personal           )
Representative of the Estate of     )    UNPUBLISHED OPINION
JENNIFER LUND,                      )
                                    )    FILED: October 28, 2013
            Respondent.             )
_____)

BECKER, J. — Collections company EGP Investments LLC appeals the

order dismissing its lawsuit against a deceased debtor's estate for insufficient

service of process. Under a Washington statute, service is effective if the

summons and complaint are left at the defendant's residence with a person of

suitable age and discretion who resides there. Here, the record shows that EGP

Investments left the summons and complaint with someone who did not reside at

the defendant's home and was merely doing yard work at the adjacent property.

Because the defendant was not properly served, we affirm the order of dismissal.

FACTS

Before her death, Jennifer Lund had a revolving charge account with

Chase Bank USA, N.A. EGP Investments purchased the charge account after it

went into default. Lund died on April 7, 2011. Her husband, Eric Andrews, was appointed personal representative of her estate. On February 6, 2012, EGP Investments filed a creditor's claim, asserting Lund owed more than $25,000, plus interest and attorney fees, on the account. Andrews rejected the claim as untimely.

On March 22, 2012, EGP Investments filed suit against Andrews as personal representative of Lund's estate for wrongful rejection of the creditor's claim. Under RCW 4.16.170, the company had 90 days from the date of filing to properly serve Andrews. In his declaration of service, process server Mario Robledo stated he served Andrews on May 30, 2012, by leaving the summons and complaint at Andrews' residence in Gold Bar, Washington, with a "John Doe, co-resident, being a person of suitable age and discretion, who is a resident therein." Robledo described the person as a white man in his twenties with black hair, who is 5 feet 11 inches tall and 150 pounds. His declaration did not say that the John Doe claimed he was a resident. Nor did it provide any other basis for the assertion that John Doe was a "resident therein."

On July 12, 2012, after the 90-day period for service expired, Andrews filed a motion to dismiss EGP Investments' lawsuit for improper service. Andrews asserted he had not been personally served and lived only with his girl friend. He argued EGP Investments failed to effect service because the summons and complaint had been left with Brad Domhoff, an acquaintance who was working as a landscaper on the property next door and did not reside with

2

Andrews. Andrews' declaration said Domhoff eventually gave him the complaint, but Andrews did not state the date when this occurred or otherwise indicate that it occurred within the 90-day period. Andrews submitted a declaration from Domhoff, who said he had never lived with Andrews or claimed to, but had accepted the papers from the process server.

EGP Investments filed a response opposing dismissal, supported by declarations. Laura Meas, Robledo's manager, stated that Domhoff had told a process server that he lived with Andrews. Howard Andreasen, another process server, stated he had been informed by Domhoff's former roommates that Domhoff had moved out of the Monroe address he had given as his residence. EGP Investments did not file declarations from the process server Meas referred to or from the individuals Andreasen interviewed. Thus, the statements reported in their declarations were hearsay.

Andrews filed a motion to strike the hearsay statements in the declarations by Meas and Andreasen. Andrews also submitted a supplemental declaration from Domhoff and from Domhoff's former roommate.

On July 20, 2012, the trial court considered the evidence, granted Andrews' motion to dismiss for failure to timely serve, and granted in part his motion to strike. EGP Investments claims its attorney requested that the court hold an evidentiary hearing, but no such request is documented in the record. There is no report of the hearing.

On August 1, 2012, EGP Investments filed a motion for reconsideration

3

under CR 59. In support of this motion, the company submitted new declarations from process server Robledo and from Andreasen, among other evidence. Andrews filed a motion to strike the company's newly submitted evidence as containing hearsay and lacking foundation, including the alleged criminal histories of Domhoff and his former roommate. The trial court denied EGP Investments' motion for reconsideration and granted Andrews' motion to strike statements from the newly submitted declarations. This appeal followed.

## DISCUSSION

EGP Investments challenges the order dismissing the complaint, the order denying the motion for reconsideration, and the orders striking evidence.

Proper service of the summons and complaint is a prerequisite to the trial court obtaining personal jurisdiction over a party. Streeter-Dybdahl v. Huynh, 157 Wn. App. 408, 412, 236 P.3d 986 (2010), review denied, 170 Wn.2d 1026 (2011). Whether service of process was proper is a question of law this court reviews de novo. Streeter-Dybdahl, 157 Wn. App. at 412.

The plaintiff has the initial burden of proof to establish a prima facie case of sufficient service. Streeter-Dybdahl, 157 Wn. App. at 412. An affidavit of service that is regular in form and substance is presumptively correct. Lee v. W. Processing Co., 35 Wn. App. 466, 469, 667 P.2d 638 (1983). The burden then shifts to the person challenging service to show by clear and convincing evidence that service was improper. Leen v. Demopolis, 62 Wn. App. 473, 478, 815 P.2d 269 (1991), review denied, 118 Wn.2d 1022 (1992). But see Farmer v. Davis,

161 Wn. App. 420, 428-30, 250 P.3d 138 (refusing to apply heightened burden of proof to defendant where no judgment was being attacked), review denied, 172 Wn.2d 1019 (2011).

The statutory requirements for service provide that "summons shall be served by delivering a copy thereof . . . to the defendant personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein." RCW 4.28.080(15).

Here, there is no claim that Andrews was served by delivery of the summons and complaint to him personally. EGP Investments offered the process server's declaration that he served a co-resident. This was prima facie proof of sufficient service. It was rebutted by proof that the person served, Brad Domhoff, did not live with Andrews. EGP Investments then submitted statements in an attempt to cast doubt on the credibility of Domhoff's assertion that he did not live with Andrews. The statements are unavailing, not only because they are hearsay but also because they fail to show that Domhoff ever resided with Andrews. Notably, there is no testimony by Robledo explaining why, in his original declaration of service, he referred to "John Doe" as a "co-resident." On this record, Andrews met his burden to show he was not properly served.

EGP Investments contends the trial court erred by failing to hold an evidentiary hearing to resolve issues of fact that turned on the credibility of the witnesses. The company asserts that its attorney orally requested such a hearing. There is no record that EGP Investments asked for an evidentiary

hearing, so the issue was not preserved for review.

EGP Investments has asked this court to take additional evidence on the topic of whether its attorney requested an evidentiary hearing. The evidence consists of two declarations. The company's attorney states, "To the best of my recollection, I requested an evidentiary hearing." The company's manager states that although he was not present, he had instructed the attorney to request an evidentiary hearing and it was his "understanding" the attorney did so but was denied. These two declarations do not meet the six criteria of RAP 9.11 for taking additional evidence on appeal. We deny the motion.

There was no need for the trial court to hold an evidentiary hearing even if one had been requested. Much of EGP Investments' evidence was inadmissible hearsay. None of it proved that Domhoff resided with Andrews. Therefore, there were no factual issues that an evidentiary hearing would have helped to resolve.

EGP Investments argues the trial court erred when it struck portions of the declaration of Laura Meas, the process server manager. Meas declared that her process server asked the man to whom the papers were given if he was a resident at the address, and the man said yes. This statement was properly stricken as hearsay. Meas was not the process server who attempted to serve Andrews. She had no firsthand knowledge of what was said by the man who received the papers.

EGP Investments moved for reconsideration on four grounds. First, the company asserts that the trial court's decision to strike portions of Meas'

declaration and its failure to hold an evidentiary hearing were irregularities that justify setting aside the dismissal. Neither constitutes an irregularity in the proceedings as contemplated by CR 59(a)(1).

Second, EGP Investments alleges reconsideration was warranted under CR 59(a)(2) due to misconduct of the prevailing party. The purported misconduct is primarily based on the company's allegation that Domhoff and his roommate have past convictions for theft. But EGP Investments has provided no evidence of misconduct by Andrews, the prevailing party.

Third, EGP Investments argues the trial court should have granted reconsideration on the ground of newly discovered evidence, CR 59(a)(4). The company fails to show that any of its additional evidence is material, could not have been discovered with reasonable diligence and produced at the hearing, or would change the result. See Go2Net, Inc. v. CI Host, Inc., 115 Wn. App. 73, 88-89, 60 P.3d 1245 (2003).

Finally, the company argues that substantial justice was not done. See CR 59(a)(9). There is no basis for such a conclusion.

When the trier of fact has weighed the evidence and determined whether it meets the applicable standard, our review is limited to determining whether substantial evidence supports the facts as found. See Bland v. Mentor, 63 Wn.2d 150, 154, 385 P.2d 727 (1963). Based on the record before us, we conclude the evidence supported the trial court's ruling that EGP Investments failed to serve Andrews. The trial court correctly dismissed EGP Investments'

7

suit for lack of personal jurisdiction over Andrews.

Andrews requests an award of attorney fees on appeal pursuant to RCW 11.96A.150 and RAP 18.1(a). We exercise our discretion to award Andrews fees on appeal against EGP Investments, upon proper application. See In re Estate of Fitzgerald, 172 Wn. App. 437, 453-54, 294 P.3d 720 (2012) (awarding attorney fees to estate where it was forced to defend against creditor's meritless claims), review denied, 177 Wn.2d 1014 (2013).

Affirmed.

Becker, J.

WE CONCUR: